38804. EMORY UNIVERSITY v. PORTER,
by Next Friend, *et al.*

Decided May 2, 1961—Rehearing denied May 31, 1961.

Hurt, Gaines, Baird, Peek & Peabody, N. Neal Baird, J. Corbett Peek, Jr., for plaintiff in error.

M. Neil Andrews, James M. Roberts, Moise, Post & Gardner, contra.

Carlisle, Presiding Judge. The petition in this case alleges that the plaintiff, an infant some 48 hours old, was permanently injured when she was burned, on the foot by a light bulb used as a part of the mechanism to provide heat for an incubator in which she had been placed while a blood transfer was being made by the defendant physician. It was alleged that the defendant hospital furnished the incubator; that the incubator was an old model one, having been in service for 10 years, or more, and had no thermostat thereon or other device to control the heat; that the heat was controlled manually and that this control was at all times under the absolute control of the defendant physician, who, at all times mentioned, operated the device while the plaintiff was in the incubator; that there was no device on the incubator to control the voltage or amperage, and that, as thus equipped it was an inherently dangerous instrumentality. It was further alleged that the incubator had no pilot light, which would inform those operating it whether or

not the heat was on or off; that there was no partition or shield or other protective device between the basket, wherein the plaintiff lay, and the electric heating bulbs so as to prevent injury; that the incubator was not designed and engineered to provide precise control of temperature, humidity and oxygen, and that the employees of the defendant made no investigation of the heat being produced in said incubator while the plaintiff was therein; that the defendant failed to call an electrician or electrical engineer to make an inspection of the device before placing the plaintiff therein, and it was alleged that the defendant was negligent in making available to the doctor such old model incubator and permitting it to be used, and in failing to provide an incubator with a thermostat or other heating control device, and negligent in failing to test or inspect the incubator before the plaintiff was placed therein. The plaintiff suffered a severe burn to her left foot as a result of its remaining in contact with a light bulb in the incubator, and this injury necessitated the partial amputation of the foot, for which she sued. The defendant hospital made an oral motion to dismiss the petition in the nature of a general demurrer. The trial court overruled that motion and the exception here is to that judgment.

■ The petition clearly alleges that the incubator in question was at all times under the absolute manual control of the defendant physician "who at all times herein mentioned, operated the instrument while [plaintiff] was in said incubator." It is not alleged that the defendant doctor was an agent, or employee, of the defendant hospital, and properly construed, on general demurrer the pleadings must be construed as showing that he was not such an agent. *Black v. Fischer*, 30 Ga. App. 109, 111 (117 S. E. 103); *Howell v. Executive Committee &c.*, 95 Ga. App. 801, 804 (2) (99 S. E. 2d 172). Thus construed, the petition does not allege facts which would render the hospital liable for failure to take any active steps to inspect before use or to control the incubator while the plaintiff was therein. Presumably, the defendant physician, being in control of the device, could have ascertained the condition of the incubator and taken proper precautions to prevent injury to the plaintiff. The defend-

ant hospital would not be liable in the absence of allegations that it furnished a defective device for the use of the plaintiff.

■ The allegations, however, are wholly insufficient to show that the defendant hospital furnished a defective device for use by the plaintiff while the operation was being performed. It is nowhere expressly alleged that it was defective. Nor is it alleged that the incubator was not reasonably suited for the uses and purposes intended under the circumstances. A hospital owes to its patients only the duty of exercising ordinary care to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use under the same, or similar, circumstances in hospitals in the area. See 41 C. J. S. 344, Hospitals, § 8. It is not required to furnish the latest or best appliances, or to incorporate in existing equipment the latest inventions or improvements even though such devices may make the equipment safer to use. An appliance is not defective by reason of the failure to have incorporated therein the latest improvement or invention developed for its use. The petition in this case fails to allege that the incubator was defective, or any facts authorizing such a conclusion, and the trial court erred in overruling the motion to dismiss the petition as to the defendant hospital. See generally, as to the liability of private noncharitable hospitals for negligence, *Stansfield v. Gardner*, 56 Ga. App. 634, 641-642 (193 S. E. 375); *Piedmont Hospital v. Anderson*, 65 Ga. App. 491, 497 (16 S. E. 2d 90); Annotations 22 A. L. R. 341 et seq., and 39 A. L. R. 1431 et seq.

*Judgment reversed. Nichols and Eberhardt, JJ., concur.*