59816. FAIN v. MOORE.

DEEN, Chief Judge.

W. A. Fain, Sr. appeals from the grant of summary judgment in favor of Dr. B. W. Moore.

In the present case, it is basically admitted that the plaintiff Fain had a heart attack some years previously and had been treated by the defendant Dr. Moore, who had thereafter seen him on infrequent occasions. The plaintiff's brother brought him to the defendant's office complaining of certain physical symptoms which were considered in the family to possibly be connected with a small stroke. Dr. Moore spoke with the plaintiff, the brother, and that evening by telephone with the daughter. The wife, although quoted at length, did not testify and we cannot consider the hearsay statements attributable to her with which these depositions are replete. Two days later Fain, whose condition had worsened, was taken to the emergency room of a private hospital (not to the Veteran's Administration Hospital suggested by Dr. Moore) and the doctor on duty, after consulting with him by telephone, made an appointment for him to see a neurologist. He was hospitalized and the final diagnosis was that he had a leakage from small arteries in the brain, which cleared up with treatment, and the plaintiff returned to health.

The neurologist who ultimately attended the plaintiff appeared as an expert witness and was asked if Dr. Moore "would be acting in a reasonable degree of care and skill such as exercised *locally* in referring the patient to report to the psychiatric unit of the Veterans Hospital the following morning at 7:00 a.m.?" (Emphasis supplied.) Thus, the expert has, in effect, testified that the defendant used the degree of care and skill ordinarily employed by the profession *locally* while the recognized standard in Georgia is that degree of care and skill ordinarily employed by the profession *generally. Murphy v. Little,* 112 Ga. App. 517 (145 SE2d 760) (1965). The "general" as opposed to the "local" standard was recognized in *Anderson v. Crippen,* 122 Ga. App. 27 (176 SE2d 196) (1970), and *Dickerson v. Hulsey,* 138 Ga. App. 108 (225 SE2d 464) (1976). See also *Kenney v. Piedmont Hospital,* 136 Ga. App. 660 (222 SE2d 162) (1975), and *Slack v. Moorhead,* 152 Ga. App. 68 (262 SE2d 186) (1979).

*Judgment reversed. Birdsong and Sognier, JJ., concur.*

ARGUED MAY 5, 1980 — DECIDED JULY 8, 1980.

*Douglas R. X. Padgett,* for appellant.
*Robert G. Tanner,* for appellee.