62375. SUMMEROUR v. SAINT JOSEPH'S INFIRMARY, INC.

SHULMAN, Presiding Judge.

This appeal is from a judgment entered upon a jury verdict for appellee-defendant in a medical malpractice action. The sole enumeration of error concerns the trial court's refusal to grant appellant-plaintiff's motion for a directed verdict on the issue of liability. That motion was based on appellant's contention that appellee failed to present evidence to show that the procedure which appellant alleged was performed negligently was performed in accordance with the standards of the medical profession *generally.*

Appellant stresses heavily the testimony for defendant that all the procedures performed on appellant were performed according to the standards for the performance of those procedures *in Georgia.*

Accepting appellant's premise that Georgia law requires evidence of compliance with the standards of the medical profession generally and not compliance with local standards (*Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375)), and assuming without deciding that testimony that a procedure was performed in accordance with standards of the medical profession in Georgia is testimony concerning a *local* standard, we are still unable to agree with appellant that appellee failed to present evidence of compliance with the appropriate standard of care. Although appellant is correct in asserting that appellee elicited testimony that all the procedures performed on appellant were performed in accordance with the standards of the medical profession in Georgia, there is other testimony from the same witness which is not limited to a particular geographical area. Earlier in the testimony of appellee's medical expert witness, questions were asked about the particular procedure appellant has contended was negligently performed. In the course of that line of questioning, appellee's attorney inquired whether that procedure was performed in accordance with the standards of "the medical profession." Since the question was not limited by reference to any local standard, but spoke of the entire medical profession, the affirmative answer thereto constituted evidence that the procedure was performed in accordance with the standards of the medical profession *generally.*

"The direction of a verdict is proper only where there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall *demand* a particular verdict. [Cit.]" (Emphasis supplied.) *Curl v. First Fed. Sav. &c. of Gainesville,* 243 Ga. 842, 843 (257 SE2d 264). "In reviewing the overruling of a motion for a directed verdict, the proper standard to be utilized by the appellate court is the 'any evidence' test. [Cits.]" *Speir v. Williams,* 146 Ga. App. 880, 881 (247 SE2d 549). Applying the standards set out above, we find no error in the trial court's denial of appellant's motion for a directed verdict.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED OCTOBER 27, 1981.

*Edward J. Walsh,* for appellant.
*George W. Hart, Philip C. Henry,* for appellee.