## 62922. SMITH et al. v. HOSPITAL AUTHORITY OF TERRELL COUNTY.

SOGNIER, Judge.

Mrs. Peggy Smith was admitted to the emergency room of Terrell County Hospital in Dawson, Georgia complaining of vaginal bleeding and headache. Mrs. Smith was seven months pregnant and had been experiencing some spotting for a few days prior to her admission to the hospital. When Donald Smith, her husband, brought her to the emergency room, Mrs. Smith was not bleeding heavily but within an hour of her arrival, she began having contractions and bleeding profusely. Dr. Sheppard, the attending physician, determined that Mrs. Smith should have a cesarean section and was in need of a blood transfusion. Dr. Sheppard transferred Mrs. Smith to a hospital in Albany, Georgia, where she was taken by ambulance. The Smiths' child was delivered by cesarean section but the child was stillborn. Mrs. Smith recovered satisfactorily from the loss of blood and surgery.

Mr. and Mrs. Smith sued the Hospital Authority of Terrell County seeking damages for the wrongful death of their child and negligence in the treatment of Mrs. Smith, alleging that the hospital had failed to maintain adequate emergency room facilities and had failed to exercise reasonable care in the treatment of Mrs. Smith while she was in the hospital's emergency room. The jury returned a verdict in favor of the Hospital Authority and the Smiths appeal.

Mr. Smith brought his wife to the emergency room of Terrell County Hospital at 6:25 a.m. on March 27, 1974. The evidence at trial disclosed that Mrs. Smith was examined by a nurse in the emergency room. Dr. Sheppard, the physician on call that morning, was summoned and arrived at the hospital at approximately 7:00 a.m. Mrs. Smith was experiencing slight vaginal bleeding at this time. Some twenty minutes to half an hour after Dr. Sheppard arrived and had examined Mrs. Smith, she began having labor contractions for which she was given medication; she began vomiting and bleeding heavily. At 7:55 a.m. an ambulance was called and at 8:00 a.m. Mrs. Smith was transported from Dawson to a hospital in Albany. The ambulance arrived at the Albany hospital at 8:30 a.m. and Mrs. Smith was taken into emergency surgery at that time.

The evidence disclosed that the fetal heart tones were normal and apparent when Mrs. Smith arrived at the Terrell County Hospital. Dr. Sheppard testified that he monitored the fetal heart tones periodically while Mrs. Smith was in his care and that the fetal heart tones were normal when Mrs. Smith left the Terrell County Hospital at 8:00 a.m. Dr. Sheppard testified that he suspected that

Mrs. Smith was experiencing placenta praevia, that she needed immediate surgery and a blood transfusion, and that he made the decision to transfer her to the Albany hospital. There was no blood immediately available at the Terrell County Hospital. Dr. Sheppard testified that even if blood had been available at the Terrell County Hospital and he had been able to operate, there was no reasonable possibility that he could have saved the baby's life.

1. Appellants contend that the trial court erred in charging the jury as follows: "A hospital must possess the capability of exercising the usual and ordinary skill, care, and judgment through its officers, agents and employees as other comparable hospitals of like purpose and intent serving the local area . . ." Appellants argue that appellee hospital had a duty to provide minimal facilities including an adequate supply of blood for a patient needing a cesarean section, and minimally competent personnel, and that minimal standards of care are not restricted to the "local area." Appellants contend the trial court's charge was too restrictive, and that this court, in reversing the instant case, should abandon the "locality rule" as it applies to hospitals. We do not agree.

The rule regarding the standard of care which applies to hospitals is found in *Emory University v. Porter,* 103 Ga. App. 752, 755 (120 SE2d 668) (1961): "A hospital owes to its patients only the duty of exercising ordinary care to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use under the same, or similar, circumstances in hospitals in the area." We recognize that our courts have abandoned the "locality rule" with regard to the standard of care applicable to *physicians.* See *Murphy v. Little,* 112 Ga. App. 517 (145 SE2d 760) (1965); *Hogan v. Almand,* 131 Ga. App. 225, 228 (205 SE2d 440) (1974); *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375) (1980). However, we decline to follow appellants' request to abandon such rule with regard to hospitals. But see Evans, J., dissent in *Steverson v. Hosp. Auth. of Ware County,* 129 Ga. App. 510, 516 (199 SE2d 881) (1973).

The rationale for applying general standards to physicians was stated in *Murphy v. Little,* supra, at p. 522, "Reasons for the more narrow rule which might have obtained in times past, where transportation was difficult, medical schools and hospitals often inaccessible, and doctors licensed to practice with little or no formal training, no longer have any validity. Medical practitioners frequently receive a part or all of their education in States other than the one in which they settle to practice . . ." One can readily see that this rationale has no application to hospitals which may vary in size, location, and available resources. The facilities of a small county hospital cannot be measured against a larger, better equipped urban

hospital. While a small county hospital may certainly be considered negligent in its handling of a patient, the care given a patient in such a hospital may only be measured against what can be determined as reasonable care *under the same or similar circumstances.*

The trial judge in the instant case charged the jury that the standard of care regarding the Terrell County Hospital was "such reasonable care in looking after and protecting a patient as her condition, known to the hospital through its agent and servants charged with the duty of looking after and supervising her, may require. In accordance, however, with the usual and ordinary standards maintained by other like hospitals serving the area which is served by such hospital . . . Therefore, if you find hospitals comparable to the Terrell County Hospital, and the size of the hospital, and of the community served, did not maintain a supply of blood for use in the emergency room, the fact that the Terrell County Hospital did not maintain such a supply of blood cannot be negligence."

The use of the word "local" in the trial court's charge may have been too restrictive standing alone. We find no authority in Georgia law which restricts the standard of care applied to hospitals to a "local area." However, the evidence in the case included testimony from experts familiar with various small county hospitals in other counties similar to Terrell County. Hospitals in the "local area" in the trial court's charge here include similar hospitals in similar communities in Georgia (see excerpt from the court's charge above). We think the charge is adjusted to the evidence in the case and is a correct and adequate statement of the law.

2. Appellants also contend that the trial court erred in excluding the deposition testimony of Dr. Whipple, an emergency room doctor who had not practiced in Georgia, nor in a hospital similar to the Terrell County Hospital, nor in a community the size of Dawson. Appellant argues that because Dr. Whipple was familiar with emergency room practice in various types of hospitals in other areas of the United States, he was qualified to testify as an expert with regard to minimal standards in emergency rooms generally. Citing *Emory University v. Porter,* supra, the trial court concluded that Dr. Whipple was not competent to testify as to the standard of care applicable to the Terrell County Hospital.

Whether a witness is qualified to give his opinion as an expert is within the discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. *Rouse v. Fussell,* 106 Ga. App. 259, 262 (126 SE2d 830) (1962); *Hogan v. City-County Hospital,* 138 Ga. App. 906, 913 (227 SE2d 796) (1976). Where, as here, the witness had never practiced in a hospital similar to the Terrell County

Hospital, we cannot say that the trial court abused its discretion in excluding Dr. Whipple's testimony. *Benson v. Tucker,* 160 Ga. App. 217, 218 (286 SE2d 485) (1981).

3. Finally, appellant contends that the trial court erred in excluding the testimony of a nurse, Mrs. Bell, as to the minimal standards of care applicable to the nursing profession. Appellant argues that *Avret v. McCormick,* 246 Ga. 401 (271 SE2d 832) (1980), applies and that Mrs. Bell should have been allowed to testify as to whether the actions taken by the nurses in the Terrell County Hospital emergency room fell within the minimal standards of care applicable to nurses. After a close review of the records, we are satisfied that the excluded testimony of the nurse here, unlike the nurse in *McCormick,* dealt with decisions and treatment that were exclusively within the professional skills of medical doctors.

The trial court correctly excluded testimony of the nurse that involved medical judgments regarding the performance of a cesarean section and transferring a patient by ambulance to another hospital. The evidence showed that the nurse in the instant case examined the patient and called the doctor. Once the physician arrived, Mrs. Smith's treatment was solely within his control. Dr. Sheppard testified that the actions taken by the nurse were, in his opinion, within sound medical practice. " 'Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be interfered with.' " *Hogan v. City-County Hospital,* supra. We find no abuse of discretion in the trial court's ruling that the testimony of Mrs. Bell was not within the province of a registered nurse.

Finding no reversible error, we affirm the jury's verdict in favor of appellee.

*Judgment affirmed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED MARCH 2, 1982 —
REHEARING DENIED MARCH 16, 1982 — 

*Thomas W. Malone,* for appellants.
*G. Stuart Watson, James M. Collier,* for appellee.
*Don C. Keenan, Charles R. Ashman, Ed. G. Barham, Edward T. M. Garland,* amicus curiae.