64689. AMERICAN SPACERS, LTD. et al. v. ROSS et al.

QUILLIAN, Chief Judge.

Plaintiffs, American Spacers, Ltd., Hammond Industries, Inc., and C C Financial, Inc., brought this action against Howard Ross, individually, and doing business as Royal Mills, R & H Carpet & Sales (R & H), and Ross' Wife — Dovie Ross. C C Financial, Inc. (factor) is an accounts receivable factor. They entered into a Factoring Agreement with Ross to collect R & H's accounts receivable. Ross owned Royal Mills which manufactured carpet which was sold by R & H. Ross factored R & H's invoices on all sold goods to C C Financial. The factor advanced Ross 75% of the invoice amount and retained 25% in reserve for chargeback purposes for any carpet returned to R & H for any reason. The factor was assigned R & H's invoices and the purchaser's invoice directed it to pay the factor — C C Financial. The factor also took a UCC Financing Statement from Ross giving it a security interest in all R & H goods.

A creditor of Royal Mills levied on the mill and everything therein — including the inventory, machinery, equipment, and all returned goods. This included the returned goods belonging to the factor under the Factoring Agreement and the UCC Financing Statement. The factor made no attempt to have such goods turned over to it nor did they file a claim against the creditor making the levy or file a claim in the bankruptcy proceeding against Royal Mills for the value of such returned goods. Returned goods, under the Factoring Agreement, were charged back against the account of Ross by the factor. The plaintiffs brought this action for the amount remaining due by Ross after deducting the amount reserved under the agreement. The jury found for the defendant Ross and the factor appeals. *Held:*

1. We find no error in the trial court's denial of the factor's motion for directed verdict and motion for judgment n.o.v. A motion for directed verdict is proper only if there is no conflict in the

evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. Code Ann. § 81A-150 (a) (CPA § 50 (a); Ga. L. 1966, pp. 609, 656; 1967, pp. 226, 237, 246, 248); *Speir v. Williams,* 146 Ga. App. 880 (1) (247 SE2d 549). On appeal, the standard to be utilized is the "any evidence" test. *Ga. Farm Bureau Mut. Ins. Co. v. Matthews,* 149 Ga. App. 350 (1) (254 SE2d 413).

Ross defended on the ground that the factor had not "lived up to their bargain." He testified that the factor did not "put enough pressure on these people to collect . . . They took the line of least resistance. They figured Howard Ross had a lot of money and they'd get the money from him. So why spend money to go after [the debtor] in another state." He cited one example — State Carpet & Tile. The company had the delivered goods and refused to return them or pay the invoice. They offered him 50% of the invoice price — which was payable to C C Financial, and he refused. The factor ultimately settled with State Carpet & Tile for 25%.

"Peculiar confidence being reposed in a factor . . . greater and more skillful diligence is required of him, and the most active good faith." Code Ann. § 12-401 (Code § 12-401). An element of a fiduciary nature is involved in the obligation of a factor to his principal because there is total reliance by a principal in the honesty and integrity of a factor in pursuing faithfully his duty to collect the amount due his principal. 32 AmJur2d 20-22, Factors & Commission §§ 25, 26. Where the goods have been sold on credit "it is [the factor's] duty to use due diligence in the collection of the purchase price . . . If, from his inattention or want of diligence, he fails to collect the debt where it is in his power to do so, he will be liable to his principal for the loss occasioned thereby." 32 AmJur2d 28, Factors & Commission, § 39. Thus, it is a factor's duty in transactions affecting the subject matter of the factoring agreement to act with good faith and loyalty for the protection and advancement of the interests of his principal (35 CJS 519-520, Factors, §§ 20-21) and under our Code "greater and more skillful diligence is required of him, and the most active good faith" in the execution of such duties. Code Ann. § 12-401; see also *Brown, Shipley & Co. v. Clayton,* 12 Ga. 564 (5).

There was testimony that "there was no effort made to force Titan Sales [a debtor] to pay this money to C & C, whom it was rightfully due . . ." There was evidence that carpet had been returned to Royal Mills and was included in the sheriff's levy, and under the Factoring Agreement and the UCC Financing Statement — the returned carpet belonged to the factor. An employee of the factor testified they did not attempt to recover returned goods from the sheriff, nor did they file a claim with the creditor who levied on Royal

Mills, or the trustee in bankruptcy for Royal Mills. All returned goods were charged back to Ross. As such, they were included in the amount claimed due by the factor from Ross.

As there was some evidence supporting the defense of Ross, it was not error for the trial court to deny the motion for directed verdict. *Summerour v. Saint Joseph's Infirmary,* 160 Ga. App. 187, 188 (286 SE2d 508).

There was a jury issue as to whether the factor executed the factoring agreement in the manner required of a factor, and to the proper amount claimed due under the factoring agreement, and as there is evidence to support the jury verdict — the trial court did not err in denying the motion for judgment n.o.v. *Gibson's Prod. v. Edwards,* 146 Ga. App. 678 (1) (247 SE2d 183); accord: *Rigdon v. Williams,* 132 Ga. App. 176 (1) (207 SE2d 591); *McLoon v. Amoco Oil Co.,* 155 Ga. App. 416 (3) (271 SE2d 4).

2. C C Financial contends the trial court erred in charging the jury on the amount of interest which could be collected on the amount owed to the plaintiffs. "[E]rrors in the giving of a charge, failure to charge, denial of requests to charge, or in the admission or exclusion of evidence, which go only to the matters of damages or the measure of damages, are harmless and afford no ground for reversal where a verdict was returned in favor of the defendant [as in the instant case]." *Maloy v. Dixon,* 127 Ga. App. 151, 156 (fn. 2) (193 SE2d 19); *Guthrie v. Pilgrim Realty Co.,* 156 Ga. App. 692, 694 (3) (275 SE2d 686); *Robinson v. Murray,* 198 Ga. 690 (2) (32 SE2d 496); *Brand v. Montega Corp.,* 233 Ga. 32 (3) (209 SE2d 581); *Fulton Nat. Bank v. Marshall,* 245 Ga. 745, 747 (267 SE2d 225). Any possible error in the giving of a charge as to the amount of interest collectible on a judgment is mooted by the return of a verdict for the defendant.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 14, 1982 —
REHEARING DENIED NOVEMBER 9, 1982 —

*Donald W. Johnson, Robert A. Whitlaw,* for appellants.
*William T. Boyett,* for appellees.