## 65459. WADE v. JOHN D. ARCHBOLD MEMORIAL HOSPITAL.

QUILLIAN, Presiding Judge.

Plaintiff-appellant Wade appeals the trial court's ruling excluding expert medical testimony and consequent grant of a directed verdict to appellee hospital in her action for medical negligence.

Appellant alleged negligent injury by appellee forcing her to prematurely undergo physical therapy. For the required expert medical evidence of the proper standard of care to be exercised by physical therapists to support her allegations appellant offered the testimony of an orthopedic surgeon from Alabama. The trial court excluded the doctor's testimony because it did not meet the requirements of Georgia law, and, when appellant rested, granted appellee's motion for a directed verdict. *Held:*

"The rule regarding the standard of care which applies to hospitals is found in *Emory University v. Porter,* 103 Ga. App. 752, 755 (120 SE2d 668) (1961): 'A hospital owes to its patients only the duty of exercising ordinary care to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use under the same, or similar, circumstances in hospitals in the area.' We recognize that our courts have abandoned the 'locality rule' with regard to the standard of care applicable to *physicians.* [Cits.] However, we decline to follow appellants' request to abandon such rule with regard to hospitals. [Cit.]

"The rationale for applying general standards to physicians was stated in *Murphy v. Little,* (112 Ga. App. 517 (145 SE2d 76)) . . . this rationale has no application to hospitals which may vary in size, location, and available resources. The facilities of a small county

hospital cannot be measured against a larger, better equipped urban hospital. While a small county hospital may certainly be considered negligent in its handling of a patient, the care given a patient in such a hospital may only be measured against what can be determined as reasonable care *under the same or similar circumstances." Smith v. Hospital Authority,* 161 Ga. App. 657 (1), 658-9 (288 SE2d 715).

Appellee hospital is a 250-bed hospital in Thomasville in South Georgia. The doctor testified that he was familiar only with the standard of care of physical therapy departments in hospitals from 50 to 250 beds in the Birmingham, Alabama area, which has a population of about 350,000, and in a 125-bed hospital in Enterprise, Alabama. The size and location of Enterprise are not a matter of record. Although the doctor testified that he was familiar with the standard of care in physical therapy departments in South Alabama and in South Georgia, he was not licensed in Georgia, admitted that he had never been in a hospital in Georgia, much less appellee hospital, and did not know whether he had practiced in a hospital in a community the size of Thomasville because he did not know the size of Thomasville. The doctor believed that the standard of care for hospital physical therapy departments would be the same in Birmingham, Enterprise or Thomasville, or anywhere else in the United States.

The evidence did not qualify the doctor as an expert under Georgia law to testify as to the standard of care that should be applied in the case as it did not show that he was familiar with the standard of care in "similar hospitals in similar communities." *Smith v. Hospital Authority,* 161 Ga. App. 659, supra.

"Whether a witness is qualified to give his opinion as an expert is within the discretion of the trial court, and such discretion will not be disturbed unless manifestly abused. [Cits.] Where, as here, the witness had never practiced in a hospital similar to the Terrell County Hospital, we cannot say that the trial court abused its discretion in excluding (the doctor's) testimony. [Cit.]" Id. at 659, 660.

In this case we likewise cannot say that the trial court abused its discretion in excluding the doctor's testimony.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED APRIL 6, 1983 —
REHEARING DENIED MAY 2, 1983 —

*T. Jack Morse, Edward J. Walsh,* for appellant.
*William U. Norwood III,* for appellee.