## 64689. AMERICAN SPACERS, LTD. et al. v. ROSS et al.

QUILLIAN, Presiding Judge.

C C Financial, Inc. brought this action against Howard Ross individually, and doing business as R & H Carpet Sales to recover deficiencies arising out of an accounts receivable factoring agreement. Ross defended on the ground that C C Financial had failed to carry out its obligations as a factor. The jury returned a verdict for Ross and this Court affirmed. *American Spacers, Ltd. v. Ross,* 164 Ga. App. 341 (296 SE2d 176). On certiorari, the Supreme Court reversed, holding that OCGA § 44-12-75 (Code Ann. § 12-401) which applies to the "[e]xercise of discretion by [a] factor; diligence," does not apply to an accounts receivable factor. They also found "by the express terms of the factoring agreement, the duty of collection was placed exclusively upon Ross." Thus, they held that Ross "may not rely on the standard of commercial reasonableness embodied in [OCGA] § 11-9-502 (2) (Code Ann. § 109A-9—502), but must look to the terms of the factoring agreement." *C C Financial, Inc. v. Ross,* 250 Ga. 832 (301 SE2d 262).

1. The section of the agreement relating to "Notice of Assignment and Collections" provided that Ross "shall do all billing, and all invoices shall state in form satisfactory to us that they are payable to us . . ." Apparently, this provision was interpreted to mean "the duty of collection was placed exclusively upon Ross." It is not questioned that where a customer failed or refused to pay the full amount of an invoice "because of any claim or dispute based on alleged shortage, defects, non-compliance or failure to deliver in accordance with order . . . other than financial inability of such customer to pay," that Ross had the responsibility to settle the account. But, where there was no dispute as to the merchandise or the amount owing, the factoring agreement merely provided that Ross "shall do the billing."

Ross' contention at trial and on appeal was the same. "[C C Financial] refused to make any reasonable efforts to collect the accounts receivables which had been assigned to it although [Ross] was led to believe that it would do so . . . Had the factor made a good faith effort to assist in the collection of these accounts, it would have been able to collect the entire amount." Inasmuch as the statutory duties of a factor do not apply to this factor and the Supreme Court found that "Ross may not rely on the standard of commercial reasonableness" of the Uniform Commercial Code, and we have found no other duty of the factor under the factoring agreement it drew — the trial court erred in refusing to grant C C Financial's motion for directed verdict.

2. In view of our holding in Division 1, the remaining

enumeration of error is moot.

*Judgment reversed. Shulman, C. J., and Carley, J., concur.*

DECIDED JUNE 7, 1983.

*Donald W. Johnson, Robert A. Whitlaw,* for appellants.
*William T. Boyett,* for appellees.