### 39995. WADE v. JOHN D. ARCHBOLD MEMORIAL HOSPITAL.

BELL, Justice.

This case is here on certiorari to review the Court of Appeals' decision in *Wade v. Archbold Memorial Hospital,* 166 Ga. App. 487 (304 SE2d 417) (1983). In 1977 Wade underwent surgery in Archbold Memorial Hospital to repair a fracture of her right femur. After the surgery she received physical therapy at the hospital. Wade subsequently filed suit against the hospital, claiming that the hospital's physical therapists prematurely and without proper supervision began her treatment, resulting in various personal injuries, including the refracture of her femur. The case proceeded to trial, at which Wade offered the testimony of an orthopedic practitioner and surgeon from Alabama to establish the proper standard of care for physical therapists. The hospital moved to exclude his testimony, contending that he was not qualified as an expert because he had not worked in small Georgian hospitals similar to Archbold Memorial. The trial court granted this motion, and after Wade finished her offer of proof, the Hospital moved for and was granted a directed verdict. Relying on *Emory University v. Porter,* 103 Ga. App. 752 (2) (120 SE2d 668) (1961), and *Smith v. Hospital Authority,* 161 Ga. App. 657 (1) (288 SE2d 715) (1982), the Court of Appeals found that the proper standard of care for physical therapists employed by hospitals was the standard exercised in similar hospitals in similar communities. *Wade v. Archbold Memorial Hospital,* supra at 487. Applying this "locality rule," the court held that Wade's expert was not qualified to testify as to the standard of care to be exercised by Archbold Memorial's physical therapists, because he had practiced exclusively in Alabama and thus was not familiar with the standard of care in " 'similar hospitals in similar communities.' " Id. at 487. We granted certiorari to review the issue of the proper standard of care, and we now reverse.

In *Emory University v. Porter,* supra, the Court of Appeals, in considering whether the hospital had furnished a defective incubator, stated that "[a] hospital owes to its patients only the duty of exercising ordinary care to furnish equipment and facilities reasonably suited to the uses intended and such as are in general use . . . in hospitals in the area." Id. at 755. The Court of Appeals elaborated on the rationale of the "locality rule" in *Smith v. Hospital Authority,* supra. It noted that hospitals may vary in size, location, and available resources and that "[t]he facilities of a small county hospital cannot be measured against a larger, better equipped urban hospital." Id. at 658-659.

As can be discerned from these cases, the underlying rationale for the "locality rule" is that the care a small hospital can provide is limited by its location and resources. However, we find this rationale inapplicable to the instant case, in which Wade is not questioning the adequacy of the services or facilities of a small hospital, but rather is questioning the professional judgment of one of its physical therapists. In *Murphy v. Little,* 112 Ga. App. 517 (2) (145 SE2d 760) (1965), in applying a "general" standard of care to physicians, the court noted the inappropriateness of the "locality rule," stating that "[r]easons for the more narrow rule [i.e., the locality rule] which might have obtained in times past, where transportation was difficult, medical schools and hospitals often inaccessible, and doctors licensed to practice with little or no formal training, no longer have any validity." Id. at 522. See *Kenney v. Piedmont Hospital,* 136 Ga. App. 660 (3) (222 SE2d 162) (1975); *Slack v. Moorhead,* 152 Ga. App. 68, 71 (262 SE2d 186) (1979); *Fain v. Moore,* 155 Ga. App. 209 (270 SE2d 375) (1980). Likewise, we find that the "locality rule" should not be applied to physical therapists employed by a hospital, for, although the ability of a small rural hospital to provide certain facilities and services is unquestionably limited by its location and resources,[1] the judgment of a hospital's physical therapist is not so limited. Any person now desiring to become a physical therapist in this state must meet certain requirements to receive a license to practice that profession. OCGA §§ 43-33-11, 12, 14, 15 (Code Ann. §§ 84-3012, 84-3014, 84-3017, 84-3016). One of these requirements is that the applicant must be "a graduate of an educational program that prepares physical therapists and which is accredited by a recognized accrediting agency and approved by the board [State Board of Physical Therapy]. . . ." OCGA § 43-33-12 (Code Ann. § 84-3012). Thus, since hospitals across the state must employ physical therapists who have received essentially the same level of training, given the same or similar circumstances (i.e., given the same facilities, working conditions, etc.) the judgment of a physical therapist should not vary depending upon the location of his or her hospital.

For the above reasons, we conclude that the standard of care which should be applied to a hospital's physical therapists is that ordinarily employed by the profession generally. See *Fain v. Moore,* supra, p. 209. Accordingly, because both the trial court and the Court of Appeals found that Wade's expert was not qualified to testify on

---

[1] Nothing in this opinion should be construed as questioning the appropriateness of the "locality rule" in cases in which the adequacy of a hospital's facilities or services are brought into question.

the basis that he was not familiar with the "local" standard of care, the judgment must be reversed and the case remanded for proceedings consistent with this opinion.

*Judgment reversed. Hill, C. J., Marshall, P. J., Clarke and Smith, JJ., and Judge Coy Temples, concur. Gregory, J., concurs specially. Weltner, J., disqualified.*

DECIDED FEBRUARY 10, 1984.

*Edward J. Walsh, Malone & Percilla, Thomas W. Malone, Keith E. Fryer,* for appellant.

*Alexander & Vann, William U. Norwood III,* for appellee.

GREGORY, Justice, concurring specially.

I point out that use of the phrase "locality rule" can be misleading because Georgia does not really require hospitals to meet a standard of care measured by circumstances in any local area. In *Smith v. Hospital Authority,* 161 Ga. App. 657, 659 (288 SE2d 715) (1982), Judge Sognier considered a charge given the jury regarding the appropriate standard of care: "The use of the word 'local' in the trial court's charge may have been too restrictive standing alone. We find no authority in Georgia law which restricts the standard of care applied to hospitals to a 'local area.' However, the evidence in the case included testimony from experts familiar with various small county hospitals in other counties similar to Terrell County. Hospitals in the 'local area' in the trial court's charge here include similar hospitals in similar communities in Georgia. . . ."

I believe the correct rule is that the hospital is to be measured against what is reasonable under the same or similar circumstances. To measure a small rural hospital against a large urban hospital may very well miss the mark. To limit "similar circumstances" to particular geographical areas is to ignore reality.