### 67218. CRONIC v. PYBURN.

CARLEY, Judge.

Appellant-patient instituted the instant medical malpractice action against appellee-physician. Appellee subsequently moved for summary judgment. Appellant opposed the motion by submitting three affidavits, one of which was that of a physician. Appellee raised several objections to the physician's affidavit which had been submitted by appellant, and based upon those objections, moved that it be stricken. The trial court granted the motion to strike the affidavit and, after a hearing, granted appellee's motion for summary judg-

ment. Appellant appeals.

In related enumerations of error, appellant asserts that the trial court erred in striking the affidavit of the physician and, consequently, in not considering it when ruling on appellee's motion for summary judgment.

1. One of the grounds upon which the trial court struck the affidavit was that "it recites incorrectly the standard of care for negligence in a medical malpractice case in Georgia." The relevant portion of the affidavit is the averment that appellee "acted below the standard of care for a reasonable and prudent physician practicing in Gainesville, Georgia or a like community . . ."

"To establish professional medical negligence the evidence presented by the patient must show a violation of the degree of care and skill required of a physician. [OCGA § 51-1-27.] Such standard of care is that which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally. [Cits.] In this state, the standard of care of the 'medical profession generally' has been defined to be broader than the degree of care and skill ordinarily employed by the profession in the immediate locality. [Cit.]" *Williams v. Ricks*, 152 Ga. App. 555, 557 (263 SE2d 457) (1979). "Georgia law requires evidence of compliance with the standards of the medical profession generally and not compliance with local standards . . ." *Summerour v. Saint Joseph's Infirmary*, 160 Ga. App. 187, 188 (286 SE2d 508) (1981). Under the "general" standard, it is clear that an averment merely that appellee's conduct did not comport with the standard of care employed by physicians in Gainesville, Georgia would not have been sufficient as against a motion to strike the affidavit. *Williams v. Ricks*, supra. Thus, the only question is whether the additional averment that appellee's conduct did not comport with that employed by a physician in Gainesville, Georgia "or a like community" is sufficient to satisfy the requirement that a deviation from the "general" standard of care must be shown in medical malpractice cases.

OCGA § 51-1-27, "which provides the 'reasonable degree of care and skill' standard in the practice of medicine does not further circumscribe the requirement by limiting it to locality." *Murphy v. Little*, 112 Ga. App. 517, 521 (145 SE2d 760) (1965). It is apparent that judging a defendant-physician's actions against a standard of care employed by doctors in the same "or a like community" would sanction a varying standard dependent in each case upon whatever the prevailing practice might happen to be among the physicians in the particular locality in which the alleged tort occurred. Such a parochial standard may be appropriate in determining the negligence of a hospital. See *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118 (311 SE2d 836) (1984); *Smith v. Hosp. Auth. of Terrell County*, 161 Ga.

App. 657 (288 SE2d 715) (1982). However, a physician, whether he practices in a small town or a large city, must exercise the same invariable degree of care, to wit: that " 'which is ordinarily employed by the profession generally and not such as is ordinarily employed by the profession in the locality or community.' " *Murphy v. Little*, supra at 522. Accordingly, a finding that appellee's actions constituted medical malpractice would not be authorized by evidence that her conduct did not conform with "the standard of care for a reasonable and prudent physician practicing in Gainesville, Georgia or a like community." Had appellee's evidence merely asserted that her actions conformed with the degree of care and skill employed in Gainesville or a like community, she would not have been entitled to summary judgment. *Williams v. Ricks*, supra; *Fain v. Moore*, 155 Ga. App. 209 (270 SE2d 375) (1980); *Summerour v. Saint Joseph's Infirmary*, supra. By the same token, evidence that appellee's actions did not meet this localized standard would not demonstrate that she deviated from the standard of care ordinarily employed by the medical profession generally. The trial court did not err in striking the affidavit.

2. Since the affidavit was properly stricken for the reasons discussed in Division 1, we need not decide whether the affidavit was also objectionable because it was not based upon personal knowledge (see *Jones v. Rodzewicz*, 165 Ga. App. 635, 636 (1, 2) (302 SE2d 402) (1983)) or because it did not address the applicable allegations of negligence raised in the case.

3. Appellant does not assert that appellee's evidence would not authorize the grant of summary judgment. All appellant contends is that the physician's affidavit she submitted was erroneously stricken and, if considered, would have precluded the grant of summary judgment to appellee. As discussed in Division 1, the physician's affidavit submitted by appellant was not erroneously stricken, and appellant was left without expert medical evidence in opposition to appellee's motion. The trial court did not err in granting appellee summary judgment.

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MARCH 5, 1984 —
REHEARING DENIED MARCH 19, 1984 —

*John N. Crudup*, for appellant.
*Weymon H. Forrester*, for appellee.