A89A1627. McDANIEL et al. v. HENDRIX et al.
(393 SE2d 4)

COOPER, Judge.

This medical malpractice action, originally dismissed without prejudice, was refiled by plaintiffs/appellants within the allowed time period, specifically incorporating the discovery taken in the original action. In a related appeal to this court, the denial of defendant Northside Hospital's motion to dismiss was affirmed on grounds not involved in the instant appeal. See *Hospital Auth. of Fulton County v. McDaniel*, 192 Ga. App. 398 (385 SE2d 8) (1989). Appellants included with their complaint, by way of amendment, the affidavit of their expert witness as required by OCGA § 9-11-9.1. The physician appellees moved for summary judgment on the ground that the affidavit submitted by appellants' expert stated a standard of care which, under Georgia law, insufficiently measures appellees' conduct. The appellants herein appeal the grant of summary judgment by the trial court. We affirm.

1. When a defendant in a medical malpractice action has submit-

ted his or her affidavit that the services performed complied with the requisite standard of care, a plaintiff, to withstand a summary judgment motion, must produce an expert's affidavit contesting that claim. *Landers v. Ga. Baptist Med. Center*, 175 Ga. App. 500 (1) (333 SE2d 884) (1985). "If the plaintiff fails to produce a contrary expert opinion in opposition to the motion, then there is no genuine issue to be tried by the jury. . . ." Id. Georgia law requires that the standard to be used to establish professional medical negligence under OCGA § 51-1-27 is that standard of care " 'which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally. [Cits.]' " *Cronic v. Pyburn*, 170 Ga. App. 377, 378 (317 SE2d 246) (1984). Thus, evidence of non-compliance with local standards is not sufficient to state a claim or to withstand a summary judgment motion.

To support their motion, appellees herein submitted their own affidavits stating compliance with the standards of care employed by the medical profession generally under the same conditions and like circumstances. In the opposing affidavit of appellants' expert, the appellee physicians' conduct is clearly measured against the "accepted standards of medical care for similar physicians specializing in obstetrical medicine practicing in Atlanta, Georgia, or in any other similar community. . . ." Appellants submitted two separate affidavits of their expert during this re-filed action and in each affidavit, the expert uses this same local standard. Therefore, following this court's decision in *Cronic v. Pyburn*, supra, the appellants' affidavit is not probative and was properly stricken by the trial court.

2. Notwithstanding the non-probative nature of the affidavits, this court is obligated to consider the entire record in its review (*Sullivan v. Henry*, 160 Ga. App. 791, 798 (287 SE2d 652) (1982)), including the deposition of appellants' expert. We have carefully reviewed the deposition and find no evidence that the deponent was measuring the physician appellees' conduct against the general standard of care. References to the "acceptable standard of care," the "standard of care relative to that issue," the "standard of care," or the "accepted standards" are not sufficient to contradict the appellees' affidavits and cannot withstand the motion for summary judgment. Although the expert in the deposition expresses an opinion as to the "proper obstetrical standards," individual views or opinions similarly cannot successfully contradict sufficient opposing affidavits. *Simpson v. Dickson*, 167 Ga. App. 344 (1) (306 SE2d 404) (1983). We cannot reverse the grant of summary judgment without valid affidavits or without unambiguous evidence that the requirements for a case of malpractice in this state have been met. If we determine otherwise, the prescribed procedures for establishing medical malpractice in this state would be rendered ineffectual.

Based upon our discussion herein, appellants' enumeration of error based upon a violation of Northside Hospital's local oxytocin policy is without merit, and therefore, the trial court's grant of summary judgment was proper.

The dissent, while finding that questions for the jury remain, nevertheless does not directly confront the issue of whether the bare deposition testimony invokes the general standard of care as required by Georgia law.

*Judgment affirmed. Carley, C. J., McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Deen, P. J., Banke, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

Reading *Jackson v. Gershon*, 251 Ga. 577, 579 (308 SE2d 164) (1983), a 4-3 case by the Supreme Court holding that the use of nomenclature or "magic words" in a medical expert's affidavit as to improper treatment and standards utilized are unnecessary if substance is present in the affidavit and record, in conjunction with *Hively v. Davis*, 181 Ga. App. 733, 734 (353 SE2d 622) (1987), convinces me that the trial court erred in the grant of summary judgment. The latter cited case states that the omission of words such as, "care and skill exercised by the medical profession *generally* under similar conditions and like circumstances *was not fatal* to the affidavit." (Emphasis supplied.)

Dr. Sherman testified that the treatment fell below accepted standards; that the action taken was not in the realm of acceptable medical judgment; that the woman should have been hospitalized and observed and not induced at the time she was; that the doctor failed to come to the hospital and examine the patient; and that the administration of IV oxytocin to induce labor in the patient should not have been done until the doctor's examination was recorded on the labor and delivery record. Questions for the jury remain.

I am authorized to state that Presiding Judge Banke and Judge Beasley join in this dissent.

ON MOTION FOR REHEARING.

As stated in our original opinion, the expert's affidavit submitted by appellants was properly stricken. The only remaining evidence submitted by appellants, the expert's deposition, did not indicate the standard of care that was being used by the expert in evaluating the appellees' conduct, while the affidavits submitted by appellees do clearly state their compliance with the requisite standard under Georgia law. Therefore, the appellants' expert evidence is insufficient to counter the appellees' affidavits and to withstand the motion for sum-

mary judgment.
*Motion for rehearing denied.*

DECIDED FEBRUARY 28, 1990 —
REHEARING DENIED MARCH 30, 1990 — 

*Bedford, Kirschner & Venker, Andrew R. Kirschner, Thomas J. Venker, E. Graydon Shuford & Associates, E. Graydon Shuford,* for appellants.
*Allen & Ballard, Dennis A. Elisco, Hunter S. Allen, Jr., Long, Weinberg, Ansley & Wheeler, Robert G. Tanner,* for appellees.