## S90G1001. McDANIEL et al. v. HENDRIX et al.
(401 SE2d 260)

BELL, Justice.

We granted certiorari in this case to consider two questions: First, what is the standard of care owed by a physician to a patient and how should that standard be articulated; and second, assuming a "general" rather than a "local" standard of care is controlling, did the plaintiffs' expert, either by affidavit or deposition, testify in effect that defendants' conduct violated a "general" as well as a "local" standard? We conclude, as has our Court of Appeals in numerous cases, that the appropriate standard of care is the general standard of care. We do not undertake to specify how that standard should be articulated in every case, as in the instant case we conclude that the affidavit of the plaintiff's expert was sufficient to withstand the grant of summary judgment. We thus do not need to decide the effect of the deposition of the plaintiffs' expert.

Appellants Anna and Mitchell McDaniel (hereafter the McDaniels) sued Drs. Hendrix and Bartholomew (hereafter the appellee physicians) and the appellee physicians' corporation after the McDaniels' son, Jeremy, was born brain-damaged in 1983. The McDaniels alleged that the appellee physicians held themselves out as specialists in ob-

stetrics and gynecology; that the appellee physicians negligently induced Mrs. McDaniel's labor and then failed to adequately monitor the progress of Mrs. McDaniel and her fetus in certain regards; and that Jeremy's brain damage resulted from the alleged negligence.

The McDaniels attached an expert affidavit of negligence to their complaint. Dr. Sherman, an obstetrician practicing in New York City, submitted the affidavit. Dr. Sherman referred variously to "the accepted standard of care of physicians specializing in obstetrical medicine practicing in Atlanta, Georgia, or in any other similar community" and to "deviation[s] from the acceptable standard of care."

The appellee physicians moved for summary judgment and submitted their own affidavits in support thereof. In their affidavits, the appellee physicians stated that they were specialists in obstetrics and gynecology, and that their medical care and treatment met the standard of care exercised in the profession generally, under the same or similar circumstances. In their motion, the appellee physicians contended, inter alia, that Dr. Sherman's affidavit referred specifically to a local rather than a general standard of care, and was not sufficient to establish negligence.

The McDaniels answered that summary judgment was inappropriate because a deposition by Dr. Sherman was sufficient in itself to withstand summary judgment. In that deposition, Dr. Sherman detailed deviations from the "acceptable standard of care" from the time Mrs. McDaniel's labor was induced without a doctor's examination, to times during labor when Jeremy's monitor records revealed that he was in distress, to his delivery after several distress incidents were recorded.

The trial court granted summary judgment to the defendants, and the Court of Appeals affirmed, *McDaniel v. Hendrix*, 195 Ga. App. 252 (393 SE2d 4) (1990). The Court held that the standard of care in malpractice cases is that exercised in the profession generally; that Dr. Sherman, in measuring the appellee physicians' conduct against the standard of care in Atlanta or similar communities, employed a local standard of care; and that Dr. Sherman's affidavit thus was insufficient to withstand the appellee physicians' motion for summary judgment. Id. at 253 (1). The Court also held that Dr. Sherman's deposition testimony was insufficient to overcome the appellee physicians' motion. In this regard, the Court held the deposition did not reveal that Dr. Sherman was measuring the appellee physicians' conduct against the general standard of care. Id. at 253-254 (2). This Court granted the McDaniels' petition for certiorari.

Consistent with numerous Georgia Court of Appeals cases, we now hold that the general standard of care is the appropriate standard in malpractice cases. We do not, however, delineate how that standard should be articulated in every case, as we conclude that Dr.

Sherman's affidavit was sufficient to withstand the appellee physicians' motion for summary judgment.

1. The Court of Appeals correctly ruled that

the standard to be used to establish professional medical negligence under OCGA § 51-1-27 is that standard of care " 'which, under similar conditions and like circumstances, is ordinarily employed by the medical profession generally. [Cits.]' " *Cronic v. Pyburn*, 170 Ga. App. 377, 378 (317 SE2d 246) (1984). [*McDaniel*, supra, 195 Ga. App. at 252.]

Accord *Fain v. Moore*, 155 Ga. App. 209 (270 SE2d 375) (1980); *Murphy v. Little*, 112 Ga. App. 517, 521 (2) (145 SE2d 760) (1965).

2. Although the proper standard of care is the general standard of care, we conclude that Dr. Sherman's affidavit was sufficient to withstand the appellee physicians' motion for summary judgment. On summary judgment, the party opposing the motion must be given the benefit of all favorable inferences that can be drawn from the evidence. *Messex v. Lynch*, 255 Ga. 208, 210 (336 SE2d 755) (1985); *Eiberger v. West*, 247 Ga. 767, 769 (1) (a) (281 SE2d 148) (1981). We conclude that two favorable inferences can be drawn from Dr. Sherman's affidavit, both of which are sufficient to rebut the appellee physicians' motion for summary judgment.

The first inference stems from the historical view of the local standard of care as a lower standard of care than the general standard of care. See *Cronic v. Pyburn*, supra, 170 Ga. App. at 378 (1); Prosser and Keeton, The Law of Torts, § 32, pp. 187-188 (5th ed.). If Atlanta maintains a lower standard of care than the standard in the profession generally, the appellee physicians would not be entitled to summary judgment, because, if they did not meet this lower standard, a fortiori they have not met the more exacting standard in the profession generally.

The second favorable inference is that the standard of care in Atlanta, Georgia, and other similar communities is the same standard as that exercised in the profession generally.[1] This inference also pre-

---

[1] Concerning whether the standard in Atlanta is the same as the standard in the profession generally, *Kellos v. Sawilowsky*, 254 Ga. 4 (325 SE2d 757) (1985), is of interest. In that case, we considered whether the appropriate standard of care in a legal malpractice case was the standard of care exercised in the State of Georgia or the standard exercised in the profession generally. In addressing this issue, we stated the following:

In the final analysis, the local standard versus the standard of the legal profession generally may be a distinction without a difference. . . . Our conclusion . . . is that the standard of care required of an attorney remains constant — whether he is considered as a practitioner of a given State or as a practitioner of "the legal profession generally" — and that only the applications of care vary from jurisdiction to jurisdiction and from situation to situation. Hence, there is no particular value in

cludes the grant of summary judgment to the appellee physicians.[2]

Having determined that Dr. Sherman's affidavit was sufficient to overcome the appellee physicians' motion for summary judgment, we need not address the effect of Dr. Sherman's deposition.

To the extent that *Cronic v. Pyburn*, supra, 170 Ga. App. at 378-379, is inconsistent with Division 2 of this opinion, it is hereby overruled.

*Judgment reversed. Clarke, C. J., Smith, P. J., Bell, Hunt, Benham, Fletcher, JJ., and Judge G. Mallon Faircloth concur; Weltner, J., not participating.*

DECIDED FEBRUARY 28, 1991.

*Bedford, Kirschner & Venker, T. Jackson Bedford, Jr., Andrew R. Kirschner, Thomas J. Venker, E. Graydon Shuford & Associates, E. Graydon Shuford, for appellants.*

*Allen & Ballard, Hunter S. Allen, Jr., Dennis A. Elisco, Long, Weinberg, Ansley & Wheeler, Robert G. Tanner, for appellees.*

*Foy R. Devine, Frank J. Beltran, William S. Stone, Don C. Keenan, Charles W. Stephens, Samuel W. Oates, Jr., David William Boone, amici curiae.*

---

using the standard in the individual State, but on the other hand there is nothing inaccurate or wrong with it either. In other words, in the case at bar, the fact that the standard used was that of the State of Georgia did not adversely affect the sufficiency of the showing on the motion for summary judgment. [*Kellos*, supra, 254 Ga. at 5.]

[2] A third inference perhaps can be drawn — that the standard of care in Atlanta and other similar communities is greater than that exercised in the profession generally. We say that this inference "perhaps" can be drawn because we question whether, given the historical context of the locality standard, this inference is reasonable. However, even if the standard in Atlanta is more exacting than the standard in the profession generally, we question whether summary judgment would be appropriate, as, if Atlanta really does require a more exacting standard from obstetricians, arguably the appellee physicians should have to meet that standard. However, we need not decide this issue, as the inference that Atlanta has a more exacting standard than the profession generally is the least favorable to the McDaniels and will not be drawn against them as opponents to the summary-judgment motion.