## 53626. MILLER v. ATKINS.

SMITH, Judge.

The appellant sued both the surgeon and the hospital for injuries he allegedly received during surgery. A summary judgment was granted in favor of the hospital, and after the close of the evidence the jury returned a verdict in favor of the surgeon. The appellant contends the trial court erred in its instructions to the jury regarding the surgeon's responsibility for negligent acts of surgical attendants. We agree, and the judgment is reversed.

The surgery performed on the appellant required the application of saline hot packs to the area to reduce bleeding. Finding that the packs he was using were not hot enough, the surgeon requested hotter water. An attending nurse brought hotter water which was poured into a stainless steel container, and at some point the container was placed between the appellant's legs. The night following the operation the appellant began to complain about pain in his legs, and severe burns were discovered on the insides of his calf muscles just below the knees. The appellant contended that either the surgeon or one of the attendants had caused the burns by placing the container between his legs.

The defendant hospital, on a motion for summary judgment, successfully argued that the surgeon was an independent contractor, that any of his negligent acts would not be imputable to the hospital, and, furthermore, that any negligent acts of the surgical attendants, who were subject to the control of the surgeon, would not be imputable to the hospital because of the "borrowed servant" rule. The motion was granted.

At the close of the evidence, the judge charged the jury that the physician would not be responsible for any of the negligent acts of the surgical attendants where they "are called upon to function and/or perform acts customarily performed by hospital personnel and not involving the exercise of medical judgment." The appellant was thus left in the unenviable legal position that if one of the surgical attendants had caused his injuries, neither the hospital nor the doctor could be held accountable therefor. The surgical attendants had been

granted the legal posture of independent contractors. In short, if the jury had found that the appellant's injuries were caused by one of the attendants, then the appellant had been finessed out of court.

The borrowed servant rule in the medical context is discussed at length in *Porter v. Patterson,* 107 Ga. App. 64 (129 SE2d 70). There, this court held that the hospital, not the physician, is liable for the negligent acts of hospital employees who are carrying out the physician's instructions by performing administrative or clerical acts requiring no medical judgment. So far, the facts fit the present case so that neither the hospital, nor the surgeon, could be responsible. However, in *Porter* the employees were carrying out instructions left by the physician to be followed in his absence, whereas in the present case the surgeon was present and was unquestionably in control of the operating room. The fact of the physician's absence was central to the analysis in *Porter:* "Under the allegations of the petition, these acts were not performed under the *immediate personal supervision* of the defendant physician, but were performed in his absence and they were merely routine acts within the scope of the duties of the hospital employees, and in the performance of such acts the hospital employees did not become loaned servants of the defendant physician." *Porter,* pp. 72-73. (Emphasis supplied.) It is thus apparent that where a hospital yields control of its employees to a surgeon in the operating room, and the surgeon exercises immediate personal supervision over those employees, then he becomes their master, and their negligence during the course of the master-servant relationship will be imputable to him.

The evidence in the present case would have authorized a jury to find that certain surgical attendants were within the immediate personal supervision of the surgeon, and that one of those persons had caused the appellant's injuries. Had they so found, then the surgeon should have been held liable. Since this issue was removed from the jury's consideration by the court's charge, the judgment must be reversed.

*Judgment reversed. Bell, C. J., and McMurray, J., concur.*

ARGUED MARCH 1, 1977 — DECIDED MAY 27, 1977 — REHEARING DENIED JUNE 23, 1977 —

*Garland T. Byrd,* for appellant.
*T. M. Smith, Jr., Robert G. Tanner,* for appellee.