62827. SWINDELL et al. v. ST. JOSEPH'S HOSPITAL, INC. et al.

McMURRAY, Presiding Judge.

This is a medical malpractice case in which the plaintiffs sued a professional corporation of doctors, a medical doctor as an employee of the corporation, and a hospital, wherein the plaintiff patient contends he was injured when the medical doctor defendant performed a myelogram in which certain agents and employees of the hospital were also present and performed medical services for that defendant and within 24 hours thereafter he developed an infection and fever eventually diagnosed as being "bacterial meningitis." Joining with this plaintiff was his wife who sought damages for loss of her husband's consortium.

Plaintiffs contend either the defendant doctor or the agents and employees of the defendant hospital, acting under the supervision of the doctor or acting independently of his supervision but as employees and agents of the hospital or both the medical doctor and the hospital, "failed to exercise the proper degree of skill and care necessary to prevent Plaintiff[']s contracting bacterial meningitis in that they negligently failed to prevent contamination of either Plaintiff's skin, the instruments used during the myelogram or the solution injected into Plaintiff as part of the myelogram procedure."

The defendant doctor and the defendant professional corporation answered, inter alia, denying the claims and contending at all times the medical doctor exercised the degree of care and skill that is ordinarily employed by members of the medical profession under similar circumstances. These defendants also filed a motion to dismiss. The defendant hospital answered denying the claims and denying that it or any of its employees, agents and servants or the defendant doctor were negligent. This defendant contends that at all times material hereto the defendant doctor was acting as an independent contractor and not as an agent for the hospital. The hospital also contends plaintiffs' action is barred by the statute of limitation.

After discovery defendant doctor and defendant professional

corporation, and the defendant hospital separately, moved for summary judgment based mainly upon the affidavit of the defendant medical doctor who set forth his qualifications as a medical expert in that he had performed between 3,000 and 4,000 myelograms in the past, that he performed the myelogram on the plaintiff, describing in detail how same was performed and the technique used, stating that there was no break in sterile technique and that the patient "developed a chemical meningitis which is very common after a pantopaque myelogram," later diagnosed as being a "bacterial meningitis," which was "appropriately treated." He further deposed that *he* properly "prepped" the patient and "performed the procedure in a medically accepted and recognized manner and . . . exercised the degree of care and skill that is generally employed by physicians under similar circumstances," and the meningitis "was not caused by a failure . . . to exercise the degree of care and skill that is generally employed by physicians under similar circumstances." He also deposed that *he performed the procedure* the way he had always done it and "employed all standard precautions to prevent contamination or any other untoward result," making the recitals upon his personal knowledge.

After a hearing in consideration of the entire record, the trial court granted the defendants' motions for summary judgment and also sustained the hospital's motion to dismiss. Plaintiffs appeal. *Held:*

1. The hospital may be liable for the negligent acts of its servants and employees in carrying out the physician's instructions in performing administrative or clerical acts requiring no medical judgment. See *Miller v. Atkins,* 142 Ga. App. 618, 619 (236 SE2d 838); *Porter v. Patterson,* 107 Ga. App. 64 (129 SE2d 70). When a hospital yields control of its employees to a surgeon in the operating room and the surgeon exercises immediate personal supervision over these employees, then he becomes their master and their negligence during the course of the master servant relationship will be imputed to him. *Miller v. Atkins,* supra. Under the evidence here the medical doctor was in charge of the entire procedure, hence if a hospital employee committed any negligent act such negligence would be imputed to the defendant doctor. However, the defendant doctor offered expert opinion testimony negating any negligence on his part by virtue of his having admitted that it was *he who performed the entire procedure* from "prepping" to completion of the medical procedure, contending that infection was occasioned not by anyone's negligence but by a risk which attends the medical procedure which is common. No evidence of contamination has been shown. No evidence has been shown other than the defendant doctor's involvement, and no evidence has been

produced countering his testimony that he performed all the procedure. Here the plaintiff offered no evidence in opposition to the motion for summary judgment. In medical malpractice cases when a motion for summary judgment is made and supported by evidence outside the pleadings, which affidavit sets forth specific facts showing that there is no genuine issue for trial, that is, that the medical doctor performed all of the activity involved in giving the myelogram to the patient "properly prepped" and performed the entire procedure "in a medically accepted and recognized manner, and in so doing . . . exercised the degree of care and skill that is generally employed by physicians under similar circumstances," summary judgment is proper. It was therefore necessary that the plaintiffs offer evidence showing that there is a genuine issue for trial by offering similar medical expert testimony to oppose defendants' evidence. See *Payne v. Golden,* 245 Ga. 784 (267 SE2d 211); *Parker v. Knight,* 245 Ga. 782, 783 (4) (267 SE2d 222).

2. The record here shows the complaint was served on the defendants with a filing date of the suit as filed on December 4, 1980, the incident in question as shown by the pleadings to have occurred on December 4, 1978. Under Code Ann. § 3-1102 (Ga. L. 1976, pp. 1363, 1364) the action for medical malpractice was not brought within two years after the date on which the negligent or wrongful act or omission occurred. See *St. Joseph's Hospital v. Mattair,* 239 Ga. 674 (238 SE2d 366), affg. *Mattair v. St. Joseph's Hospital,* 141 Ga. App. 597 (234 SE2d 537). Compare *Montgomery v. Ritchey,* 151 Ga. App. 66 (258 SE2d 733). The plaintiffs contend that they filed their complaint on December 3, 1980, but that the deputy clerk with whom the complaint was filed did not docket the case until December 4, 1980, writing in longhand on the summons, "I, rec'd this case 12-3-80 about 4:00 p.m. C. F. B. [initials]." If the pleadings are delivered to the clerk for filing they will be deemed filed even though the proper entry of filing is not made thereon. See *Boston Sea Party of Atlanta v. Bryant Lithographing Co.,* 146 Ga. App. 294, 295 (1) (246 SE2d 350). Compare *Kight v. Watts,* 150 Ga. App. 694 (258 SE2d 323). See also *State of Ga. v. Jones,* 125 Ga. App. 361 (187 SE2d 902). It is noted here that no direct testimony has been produced to clarify the formal filing date of December 4, 1980, which date was outside the statutory filing period, and the note written and initialed (other language thereon being illegible on this record copy), apparently being a deputy clerk that he or she received the case "12-3-80." Ordinarily, we would seek clarification as to the original filed copy but see no need to do so here. The sustaining of the motions for summary judgment of the defendants have been affirmed above in Division 1 which results in the defendants sustaining a judgment in their favor. We need not

consider further the enumeration of error that the trial court erred in sustaining the defendant hospital's motion to dismiss. The case stands resolved in the trial court.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1982 —
REHEARING DENIED FEBRUARY 17, 1982 —

*Edward M. Buttimer,* for appellants.
*Joseph P. Brennan,* for appellees.