## 64297. AHRENS et al. v. KATZ et al.

McMurray, Presiding Judge.

This is a medical malpractice case in which the plaintiffs sued six doctors of osteopathy and an osteopathic hospital. The plaintiffs contend that when the plaintiff mother became the patient of one of the defendant doctors and was admitted to the hospital for delivery of her children (twins) this defendant doctor performed an unnecessary elective Caesarean section for the removal of the twins erroneously thought to be of a 43-week gestational age and said children were delivered prematurely. As a result of the alleged negligence of the defendant attending doctor one of the children and the mother sustained personal injuries for which they seek recovery and as a further result of the negligence of all the doctors medical expenses have been incurred. The plaintiff father sought medical expenses. The plaintiffs seek judgment jointly and severally against all defendants to fully and adequately compensate them for their injuries and damages. By amendment, as to the complaint against the hospital, plaintiffs contend it was negligent by and through its agents and employees (a) in failing to ascertain that the physicians on the staff were properly skilled and trained to operate the equipment provided; (b) in failing to provide a thorough and adequate consultation prior to allowing the plaintiff mother to undergo a primary Caesarean section; (c) in failing to ascertain an error in the date of her pregnancy; (d) in failing to assure that the physicians granted privileges were adequately insured; (e) in failing to take precautions to prevent an unnecessary Caesarean section when it was known or should have been known in the exercise of ordinary care that such surgery was unnecessary; and (f) in failing to render such care and treatment to plaintiff mother as would have been rendered by similar institutions under like conditions and circumstances.

The doctors answered separately and denied the claims. Three of the doctors added a defense, after denying any negligence or wrongdoing in the care and treatment of the patient, that any injuries sustained, if any, resulted not from negligence or other wrongdoing in any care rendered by them but "from factors beyond the ability of medicine, which is an inexact science, to control." Another doctor was an employee of the hospital as an intern who merely examined the patient upon her admission; but this defendant was later voluntarily dismissed. Another doctor admitted that he performed the elective Caesarean section operation after the patient was admitted to the hospital under his care but denied any negligence during her prenatal care and treatment.

After discovery, three of the doctors moved for summary

judgment, and the hospital separately moved for summary judgment. By affidavit the three doctors gave opinion testimony that the treatment rendered by them to the plaintiff mother and plaintiff child "in all respects equaled or exceeded the standard of medical care and treatment practiced by the profession generally with respect to such procedures." The motion for summary judgment by the defendant hospital is based primarily upon the affidavits and depositions of the hospital administrator and the intern with reference to the complaint that one of the defendant doctors performed the elective C-section on the plaintiff for twins thought to be 43 weeks of gestational age when actually they were prematurely delivered. Defendants' evidence shows the hospital furnished to the plaintiff patient hospital care in its usual accepted sense in furnishing a room, operating room, employees, food and shelter and furnished nurses and interns to assist physicians. None of these agents or the employees of the hospital made any determination as to whether or not "a C-section should be performed on the patient as this decision is always made by the attending physician," and same was performed by the attending physician and not by an employee or agent of the hospital.

The hospital's motion for summary judgment came on for hearing, and the trial court rendered its findings of fact and conclusions of law in that the plaintiff mother was admitted to the hospital as an obstetrical patient and one of the defendant doctors, as the attending physician, performed the delivery of twins. The trial court held: The entire evidence considered on summary judgment fails to disclose any negligence by the hospital employees, properly trained or not. No evidence was shown that the performance of any test or treatment prior to the surgery was improperly performed, and the plaintiffs have not established any negligence of the hospital in failing to detect the term of the plaintiff mother's pregnancy and for its failure to prevent the Caesarean section. The hospital bylaws, rules and regulations do require that there be a consultation by a staff physician for all patients entering the hospital for a Caesarean section, and that all physicians practicing in said hospital carry liability insurance; but in each instance there has been no showing that violations of same, if any, amount to negligence on the part of the hospital defendant. Further, a hospital is not liable for the negligence of a physician where the negligence relates to a matter of professional judgment and the hospital has no right to exercise control in the diagnosis or treatment of a patient, citing *Pogue v. Hospital Auth. of DeKalb County,* 120 Ga. App. 230, 231 (170 SE2d 53). Further, where a hospital has yielded control of its employees to a surgeon in the operating room and the surgeon exercises personal supervision over

those employees then the physician becomes the master and the employees' negligence during the course of the master-servant relationship is imputable to the physician, citing *Miller v. Atkins,* 142 Ga. App. 618, 619 (236 SE2d 838). Here the plaintiffs presented no evidence which shows the hospital personnel were aware of any negligence by the physician or acted in any manner other than under the physician's supervision. As the court found no issue of fact has been presented concerning the hospital employees' negligence, then no issue of fact remains as to the negligence of the hospital, and summary judgment was granted in its favor. Plaintiffs appeal from the grant of the defendant hospital's motion. Apparently the motion of three of the defendant doctors is still pending before the trial court and is not before us in this appeal. *Held:*

The defendant hospital having offered evidence that the attending physician made all decisions concerning the surgery (in performance of the Caesarean section) and the hospital facilities, interns and nurses to assist the attending physicians and it was not negligent, then the plaintiffs could not rest upon the allegations of their petition but must set forth specific facts showing there was a genuine issue for jury determination. See *Skinner v. Humble Oil &c. Co.,* 145 Ga. App. 372, 374 (243 SE2d 732); *Summer-Minter & Assoc. v. Giordano,* 231 Ga. 601, 604 (203 SE2d 173). As no actual evidence of negligence has been produced with reference to the hospital, the trial court did not err in granting summary judgment in its favor. See in this connection, *Swindell v. St. Joseph's Hospital,* 161 Ga. App. 290 (291 SE2d 1). "A hospital is not liable for the negligence of a physician employed by it [staff or otherwise] where the negligence relates to a matter of professional judgment on the part of the physician when the hospital does not exercise and has no right to exercise control in the diagnosis or treatment . . ." *Pogue v. Hospital Auth. of DeKalb County,* 120 Ga. App. 230, 231, supra. See also *Miller v. Atkins,* 142 Ga. App. 618, 619, supra.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED NOVEMBER 10, 1982 —
REHEARING DENIED DECEMBER 9, 1982 —

*William Q. Bird,* for appellants.
*William E. Zachery, Sr., Robert G. Tanner, Hunter S. Allen, Jr., David A. Handley,* for appellees.