73127. REED v. ADVENTIST HEALTH SYSTEMS/SUNBELT,
INC. et al.
(353 SE2d 523)

Pope, Judge.
Plaintiff fell and broke her hip. She was admitted to Smyrna Hospital where Dr. William Cabot, assisted by Dr. Anthony Cabot, performed a hip nailing procedure. During the procedure an electrocautery unit and a portable x-ray machine were used. Following the surgery, a burn was discovered on plaintiff's right leg. Plaintiff subsequently filed suit against defendants Adventist Health Systems/Sunbelt, Inc. d/b/a Smyrna Hospital, South Cobb Orthopedic Center, P. C. (where the doctors were principal shareholders and employees) and Toshiba America, Inc. (manufacturer of the x-ray machine).[1] On August 15, 1985 defendant South Cobb filed a motion for summary

---

[1] Two other doctors originally named as defendants were voluntarily dismissed on August 13, 1985, pursuant to OCGA § 9-11-21.

judgment based on the affidavit of Dr. William Cabot that the requisite degree of skill and care had been exercised at all times during the diagnosis, care and treatment of plaintiff. In opposition to South Cobb's motion for summary judgment, plaintiff submitted the affidavit of Dr. Judith A. Ericsson. Dr. Ericsson testified in her affidavit as follows: "It is well known among physicians and surgeons that proximity of an electrocautery ground plate and a grounded metal object in contact with the patient can cause a leakage of current, such that the patient is grounded through the metal object, with the result that electrical current passing through the patient causes a burn. The placement of the electrocautery ground plate on Mrs. Reed's right thigh and the contact of the x-ray machine, a metal object, with her right knee caused a leakage of current, such that Mrs. Reed was grounded through the x-ray machine rather than through the ground plate, causing a burn to the area of Mrs. Reed's right knee. Such an event, when it occurs, can occur without any equipment malfunction." Dr. Ericsson also stated that "[t]he standard of care which applied to the care of patients in surgery under general anesthesia during 1983 required that the surgeon check the positioning of all equipment before and during surgery to be sure that no metal is close enough to the electrocautery unit ground plate for a current leakage to occur."

Based in part on the affidavit of plaintiff's expert, Smyrna Hospital filed a motion for summary judgment on November 20, 1985, alleging that recovery was precluded against it based on the "borrowed" or "loaned servant" doctrine. On April 25, 1986 the trial court entered orders denying defendant South Cobb's motion for summary judgment and granting defendant Smyrna Hospital's motion. A certificate for immediate review was filed on May 2, 1986.

1. Plaintiff enumerates as error the trial court's granting summary judgment to defendant Smyrna Hospital and states in her brief that the sole question before this court is whether or not the "captain of the ship doctrine" absolves defendant hospital for the negligent acts of its agents and employees. Defendant South Cobb as an interested party under OCGA § 5-6-1 and as amicus curiae pursuant to Court of Appeals Rule 13 has also filed a brief in which it contends that there are other discernible facts under which defendant hospital could be found liable and thus summary judgment is improper even if this court accepts the hospital's position on the borrowed servant doctrine. We begin by considering whether the borrowed or loaned servant doctrine precludes plaintiff from recovering against defendant Smyrna Hospital. We hold that it does.

In *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290 (1) (291 SE2d 1) (1982), we stated the general rule as follows: "The hospital may be liable for the negligent acts of its servants and employees in carrying out the physician's instructions in performing administrative

or clerical acts requiring no medical judgment. [Cits.] When a hospital yields control of its employees to a surgeon in the operating room and the surgeon exercises immediate personal supervision over these employees, then he becomes their master and their negligence during the course of the master servant relationship will be imputed to him. [Cit.]" Id. at 291. See *Miller v. Atkins*, 142 Ga. App. 618 (236 SE2d 838) (1977). Cf. *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414 (3) (336 SE2d 268) (1985). In the case sub judice, the evidence is unequivocal that both William and Anthony Cabot, the surgeon and assistant surgeon, were present and in control of the operating room personnel during the entire procedure. For this reason, even if it is ultimately concluded that Smyrna Hospital's employees were negligent in some manner during the performance of the hip nailing procedure, such negligence will properly be imputed to the surgeons as a matter of law. "Where there is no genuine dispute of material fact and the admitted facts point to the right of one party to a judgment as a matter of law, then summary judgment is the proper remedy. [Cit.]" *Sands v. Lamar Properties*, 159 Ga. App. 718, 720 (285 SE2d 24) (1981). Thus, we hereby affirm the trial court's order to the extent that recovery against defendant Smyrna Hospital based on negligent operation of the electrocautery and x-ray equipment during the hip nailing procedure is precluded.

2. We believe, however that this holding does not fully address the issue of whether the trial court properly granted summary judgment to Smyrna Hospital. It is axiomatic that " '[t]o prevail on a motion for summary judgment (OCGA § 9-11-56), a defendant-movant is required to pierce the allegations of the complaint and to establish as a matter of law that the plaintiff could not recover *under any theory fairly drawn from the pleadings and the evidence.* (Cits.)' *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85) (1981)." (Emphasis in original.) *Duenas v. Bence*, 174 Ga. App. 80, 82 (329 SE2d 260) (1985).

A review of the record clearly reveals that in addition to alleging negligent operation of the x-ray and electrocautery equipment plaintiff has also alleged that her injuries resulted from a malfunction of the x-ray equipment. Likewise, in its answer, Smyrna Hospital stated that "a malfunction of said [x-ray] machine caused injury to Plaintiff. . . ." The hospital, however, denies any liability for said malfunction, and has filed a cross-claim against Toshiba, seeking to impart any negligence that might be found against it to Toshiba and also seeking to hold Toshiba liable for any damages that might be awarded against it. The hospital also seeks contribution from Toshiba for one-half of any judgment that might be rendered against it. It is clear from a reading of the whole record, however, that despite the hospital's denials and cross-claims, ultimate liability for the equip-

ment malfunction, if any, has not yet been established as a matter of law. Thus, we find that the trial court should have granted only partial summary judgment to Smyrna Hospital, as there exist other issues, fairly shown by the pleadings and evidence, remaining for trial.

*Judgment affirmed in part and reversed in part. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED FEBRUARY 12, 1987 — 

*Del Percilla, Jr.*, for appellant.

*Lynn A. Downey, Wendy L. Hagenau, Randall L. Hughes, H. Sanders Carter, Jr.*, for appellees.