74958. CHATHAM COUNTY HOSPITAL AUTHORITY
et al. v. ROSS.
(362 SE2d 390)

SOGNIER, Judge.

Herbert Charles Ross brought a medical malpractice action against Dr. Herman Delancy and the Chatham County Hospital Authority, d/b/a Memorial Medical Center, alleging that an instrument had been left in his abdomen during a surgical procedure. While granting partial summary judgment in favor of the hospital on another issue, the trial court denied partial summary judgment to the hospital on the issue of its liability to Ross under the "borrowed servant" doctrine. We granted the hospital's application for interlocutory appeal of that ruling.

The record reveals that assisting Dr. Delancy during the operation were two members of the hospital's house staff as well as several nurses who were hospital employees. It is uncontroverted that although Dr. Delancy had privileges at Memorial Medical Center, he was not a hospital employee.

1. Appellant contends the trial court erred by denying its motion for summary judgment based on the "borrowed servant" doctrine because it misconstrued and misapplied this court's holdings in *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414 (336 SE2d 268) (1985) and *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290 (291 SE2d 1) (1982). In those cases, this court held that "[w]hen a hospital yields control of its employees to a surgeon in the operating room and the surgeon exercises immediate personal supervision over these employees, then he becomes their master and their negligence during the course of the master servant relationship will be imputed to him. [Cit.]" *Swindell*, supra at 291 (1); *McClure*, supra at 418 (3).

The trial court interpreted *McClure* and *Swindell* as imposing a

twofold requirement for the transfer of liability from the hospital for the negligence of its employees to an independent contractor surgeon. Under this interpretation, only if the hospital yields control to the surgeon in the operating room, *and* if the surgeon exercises immediate personal supervision over these employees, does the surgeon become the employees' master so that their negligence is imputed to him.

However, we need not address the correctness of the trial court's interpretation or whether *Swindell* and *McClure*, supra, provide a blanket exemption from liability for hospitals when their employees are in the operating room with a non-hospital employee surgeon. Even assuming the trial court is correct in interpreting the rule stated in *Swindell* and *McClure* to mean that in addition to the surgeon's presence in the operating room, his personal supervision over the hospital employees may not be presumed, but must be shown by competent evidence, such evidence was shown by appellant in support of its motion for summary judgment in the case at bar. Dr. Delancy, in his deposition, clearly and unequivocally admitted that he was "in charge" of the operating room during appellee's surgery. Appellee proffered no evidence in his response to the motion for summary judgment to rebut this, nor did he present evidence that Dr. Delancy absented himself from the operating room at any time during the surgery. There thus existed no question of fact that Dr. Delancy exercised immediate personal supervision over the hospital employees present in the operating room during the operation. Since Dr. Delancy also conceded in his deposition that the instrument was left in appellee's abdomen during the surgery at which he was in charge, appellant was entitled to judgment as a matter of law, and the trial court erred by denying appellant's motion for summary judgment as to this issue. See generally *Belk-Hudson Co. of Moultrie v. Patterson*, 178 Ga. App. 16, 18 (342 SE2d 2) (1986).

2. Appellee maintains the trial court erred by granting partial summary judgment to appellant on the issue whether the "locality rule" is the proper standard against which appellant's actions or omissions must be measured, and presents extensive argument addressed to this and other issues in its brief. However, the record shows that no notice of cross appeal was filed by appellee, and we are therefore without jurisdiction to consider these arguments. OCGA § 5-6-38 (a). See *Belk-Hudson*, supra at 17; *Life Ins. Co. of Ga. v. Helmuth*, 182 Ga. App. 750, 752 (3) (357 SE2d 107) (1987).

*Judgment reversed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 2, 1987 —
REHEARING DENIED OCTOBER 28, 1987 —

*William P. Franklin, Jr., Wendy W. Williamson*, for appellants.
*Thomas R. Taggart, Samuel L. Svalina*, for appellee.