45208. ROSS v. CHATHAM COUNTY HOSPITAL AUTHORITY.
(367 SE2d 793)

CLARKE, Presiding Justice.

In this case we consider the "borrowed servant" rule in the context of a medical malpractice during a surgical procedure in a hospital operating room. We must decide under what circumstances the hospital employee assisting in the procedure becomes the employee of the surgeon so as to impute the negligence of the employee to the surgeon under the rule of respondeat superior.

Ross, the plaintiff in this case, sued the surgeon and the Chatham County Hospital Authority for malpractice on account of an instrument's being left in his abdomen during surgery. The hospital moved for summary judgment. The trial court granted partial summary judgment to the hospital on the issue of the standard of care in connection with the hospital employees' responsibility to conduct an instrument count. Finding that the applicable standard of care was the standard of care in the locality, the court granted the hospital summary judgment on that issue since the hospital's unrebutted affidavit testimony was that no surgical instrument count was required in the locality in 1974 when the operation occurred. This grant of partial summary judgment has not been appealed. The court denied the hospital's motion for summary judgment as it concerned release from liability under the "borrowed servant" rule. In considering the transfer of liability for employee negligence from the hospital to the surgeon, the trial court based its decision on the cases of *McClure v. Clayton County Hosp. Auth.*, 176 Ga. App. 414 (336 SE2d 268) (1985), and *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290 (291 SE2d 1) (1982). The trial court interpreted these cases to require both that the hospital yield control of the employees to the surgeon and that the surgeon assume direct personal supervision of the employees before liability for their negligence was transferred from the hospital to the surgeon.

The Court of Appeals reversed, *Chatham County Hosp. Auth. v. Ross*, 184 Ga. App. 660 (362 SE2d 390) (1987), questioning the trial court's interpretation of these cases as requiring competent evidence of immediate supervision beyond the mere presence of the surgeon. However, the Court of Appeals held that even if the trial court were correct in its interpretation of *McClure* and *Swindell*, the requirement of immediate supervision was satisfied. According to the Court of Appeals, the surgeon's statement in his deposition that he was in charge of the operating room and the plaintiff's failure to rebut the hospital's contention that the surgeon was present in the operating room at all times during the surgery evidenced immediate supervision.

1. We reaffirm the test set forth in *Miller v. Atkins*, 142 Ga. App. 618 (236 SE2d 838) (1977), and reiterated in *McClure* and *Swindell*

for the transfer of liability under the borrowed servant rule in the setting of a surgical procedure performed in a hospital operating room. First, the hospital which seeks to escape liability must show that it has yielded control of its employees who are assisting in a surgical procedure. Next, the hospital must show that the employees whose negligence the hospital seeks to impute to the surgeon are under the "immediate supervision" of the surgeon. *Miller v. Atkins,* supra at 619. We agree with the trial court that "immediate supervision" must be shown by competent evidence. Evidence of the presence of the surgeon in the operating room falls short of this requirement. Further, we take this opportunity to reiterate a requirement set forth in *Porter v. Patterson,* 107 Ga. App. 64 (129 SE2d 70) (1962), the first Georgia case to apply the borrowed servant rule to a hospital employee's performing patient services for a physician in the treatment of the physician's patient. The court found the borrowed servant rule applicable only in regard to tasks involving professional skill and judgment. There is no transfer of liability for the negligence of an employee in the performance of clerical or administrative tasks not requiring the exercise of medical judgment even though these tasks are related to the treatment of the patient. We find that the fact that the negligence occurs in an operating room does not relieve the hospital of liability for the administrative or clerical acts of its employees. We expressly disapprove any cases which hold or imply that the borrowed servant rule relieves the hospital of liability for such acts.

2. We now undertake the application of the rules stated in the preceding division to the facts in this case. We begin by holding that the damage complained of here could have resulted from both administrative acts of hospital personnel and acts of medical skill and judgment of the surgeon. Under these circumstances, both the surgeon and the hospital might incur liability. Applying the facts of this case in greater detail, we conclude that a surgeon's responsibility to assure himself and the patient that no foreign object remains within the body of the patient is an act of medical judgment and skill. A surgeon's failure to properly perform this act can impose liability upon him without respect to the acts or nonfeasance of other personnel in the operating room. In this instance the surgeon is primarily liable and his responsibility is not the vicarious responsibility of respondeat superior. The negligence is his own negligence, and his liability derives from his own negligence.

At the same time, it is possible for some other personnel in the operating room to be guilty of negligence contributing to the damage without the negligence being imputable to the surgeon. The evidence in this case shows that no count of sponges and instruments was taken either before or after the surgery. Plaintiff contends that this constitutes negligence which is imputable to the hospital. We must

look to whether such counting is an act requiring medical skill and judgment or simply an administrative act requiring the exercise of no medical judgment. We adopt the reasoning in the cases discussed in "Liability of Hospital for Negligence of Nurse Assisting Operating Surgeon," 29 ALR3d 1065, 1078 (1970), and find that the counting of sponges, instruments and other items which could be left in the patient during an operation is generally considered an administrative act rather than an act requiring the exercise of professional skill or judgment. The evidence here indicates that at the time of the surgery in question, no policy of counting instruments existed in Savannah, and the trial court granted summary judgment to the hospital on the standard in the community.

Because the question of the local standard is not on appeal, we cannot reach the issue of failure to count. However, this does not totally protect the hospital from liability. The possibility of other negligent administrative acts by hospital employees causing the instrument to be left in the body leaves a question of fact. Therefore, summary judgment for the hospital was not authorized.

*Judgment reversed. All the Justices concur.*

DECIDED MAY 4, 1988 —<br>RECONSIDERATION DENIED MAY 25, 1988.

*Taggart & Lakin, Thomas R. Taggart, Samuel L. Svalina,* for appellant.

*William P. Franklin, Jr., Wendy Woods Williamson, William H. Pinson, Jr.,* for appellee.

*Thomas S. Carlock, Allen F. Harris,* amici curiae.