A89A1067. PACKER et al. v. GILL et al.
(388 SE2d 338)

CARLEY, Chief Judge.

Appellee-plaintiffs brought this medical malpractice action against appellant-defendants. The case was tried before a jury and a verdict in favor of appellees was returned. Appellants appeal from the judgment entered on the jury's verdicts and from the denial of their motion for new trial.

1. The giving of the following jury instruction is enumerated as error: "Ordinarily, unless a medical practitioner's negligence is so blatant and obvious as to be a matter of common knowledge to any lay observer, proof of breach of duty by a physician or surgeon must rest on the testimony of an expert witness qualified to state what the particular standard of care required [is], and expert opinion that the treatment accorded to the patient did not meet such standard."

Although the instruction states a correct principle of law, the limited "pronounced results" exception to the general requirement that medical malpractice must be shown by expert testimony was not applicable in the present case. Compare *Killingsworth v. Poon*, 167 Ga. App. 653 (307 SE2d 123) (1983). Appellants urge that, by merely mentioning the inapplicable "pronounced results" exception in its charge to the jury, the trial court committed reversible error. However, no authority is cited for this proposition. Although it would not have been reversible error to fail to give the "pronounced results" instruction, it does not necessarily follow that it was reversible error for the trial court to have included it in the charge.

When it is considered in isolation, the contested instruction in no way intimated that the "pronounced result" exception was applicable in the instant case. Compare *Avant Trucking Co. v. Stallion*, 159 Ga. App. 198, 200 (2) (283 SE2d 7) (1981). When the instruction is considered in the context of the entire charge, it is clear that the jury was otherwise fully and fairly instructed that it was the general requirement of expert testimony, rather than the limited "pronounced results" exception, which was applicable in this case. Accordingly, the trial court's mere passing reference in its charge to the "pronounced results" exception does not require the grant of a new trial. " 'Though a part of the charge of the court to the jury may not be pertinent to the issues involved, if it be so clearly irrelevant to such issues that the jury could not have been misled or confused by the giving of such instruction, a new trial will not be granted upon the ground that it was error to give it. [If] [i]t was error, . . . it was harmless.' [Cit.]" *Hogan v. City-County Hosp. of LaGrange*, 138 Ga. App. 906, 909 (4) (227 SE2d 796) (1976).

2. The jury was instructed that it was "not required . . . to accept the testimony of any witnesses, expert or otherwise." Appellants enumerate the giving of this instruction as error.

The instruction states a correct principle of law which was applicable in this case. The jury was entirely free to reject the testimony of any of appellees' experts, or to reject the testimony of any of appellants' experts, or to reject the testimony of *all* of the experts. See generally *Wilson v. Professional Ins. Corp.*, 151 Ga. App. 712 (261 SE2d 450) (1979). The jury was *not* instructed that it could reject the testimony of appellees' experts and still find that appellants were liable for medical malpractice. Accordingly, there was no error in giving the charge. " '[I]n the absence of expert testimony in behalf of the plaintiff in a malpractice case, the court is not justified in submitting the same to the jury. But, when competent expert evidence has been received, it is to be considered by the jury *only as other evidence in the case.*' " (Emphasis supplied.) *Shea v. Phillips*, 213 Ga. 269, 271 (2) (98 SE2d 552) (1957).

3. The trial court did not err in giving the following instruction: "A doctor must exercise the same invariable degree of care whether he practices in a small town or a large city." See *Cronic v. Pyburn*, 170 Ga. App. 377, 379 (1) (317 SE2d 246) (1984). Contrary to appellants' contentions, the record shows that the jury was subsequently charged as to the parameters of this invariable standard and was not left to speculate as to what those parameters were. "The full charge being in the record, what it lacks when divided is supplied when the parts are all united. . . . [Cits.]" *Robert & Co. Assoc. v. Tigner*, 180 Ga. App. 836, 841 (1) (351 SE2d 82) (1986).

4. The trial court did not err in instructing the jury that appellants could be found liable under the theory of respondeat superior for any negligence of their employees which proximately caused injury to appellees. See *Mullins v. DuVall*, 25 Ga. App. 690 (104 SE 513) (1920). Such an instruction was authorized by evidence that one of appellants' employees who had taken Mr. Gill's patient history had failed to conform to the standard of care in so doing. See generally *Miller v. Atkins*, 142 Ga. App. 618 (236 SE2d 838) (1977).

5. The trial court instructed the jury "that circumstantial evidence, as well as direct evidence may be used to prove negligence." Appellants enumerate this charge as erroneous and inapplicable in a medical malpractice case, such as this, wherein expert testimony is required.

" '[N]egligence, like any other fact, may be proved by circumstantial evidence as well as by direct testimony.' " *Cagle v. Atchley*, 127 Ga. App. 668, 675 (5) (194 SE2d 598) (1972). Although expert opinion testimony may be required in a medical malpractice case to prove the applicable standard of care and a breach thereof, we are aware of no rule which prevents circumstantial evidence from being used to prove those facts upon which the expert relies in formulating his opinion that such negligence occurred. It is for the jury to determine whether the facts upon which the expert bases his opinion do exist and, if so, whether the expert's opinion that those facts constituted medical malpractice should be accepted. " 'In determining [medical malpractice], the jury may consider *all* the attendant facts and circumstances which may throw light on the ultimate question. [Cits.]. . . . "And where, measured by the method shown by medical witnesses to be negligence, the evidence shows a bad result, it is the province of the jury to say whether the result was caused by negligence." ' " (Emphasis in original.) *Word v. Henderson*, 220 Ga. 846, 849 (142 SE2d 244) (1965). There was no error in giving the charge.

6. The trial court instructed the jury that appellants would be liable "if in ordinary prudence they might have foreseen that some injury would result from their acts or omissions and that consequences of a general injurious nature might result, and *in fact* did

result from their acts." (Emphasis supplied.) Appellants enumerate this instruction as error. The contention is that, in giving it, the trial court made an impermissible comment on the evidence by instructing the jury that an injury had "in fact" occurred in this case.

It is clear that the construction of the instruction advanced by appellants is unwarranted. The jury was not instructed that an injury had "in fact" occurred, but was merely instructed that appellants' liability would be dependent upon whether a foreseeable injury had "in fact" resulted. " 'In determining whether an excerpt from a charge is subject to the criticism that it contains an expression or intimation of opinion as to what has or has not been proved, the excerpt shall be considered in the light of the entire charge. Upon application of this principle the extract from the court's charge in this case, as [objected] to upon the ground that it expressed an opinion on the facts, did not constitute reversible error.' [Cits.]" *Camilla Cotton-Oil Co. v. Cawley*, 52 Ga. App. 268, 270 (2) (183 SE 134) (1935).

7. During the cross-examination of appellants' expert witnesses, the trial court did not err in allowing appellees to posit questions based upon certain texts which were shown to be standard medical works. See generally *Mize v. State*, 240 Ga. 197, 198 (4) (240 SE2d 11) (1977); *Pound v. Medney*, 176 Ga. App. 756, 762 (4) (337 SE2d 772) (1985).

8. Appellants enumerate as error an instance wherein the direct examination of one of their expert witnesses was allegedly curtailed. However, the record shows that the direct examination of this witness was not aborted by the trial court, but was voluntarily terminated as the result of appellants' apparent decision to forego further direct examination. Moreover, appellants made no proffer of the additional testimony they expected to elicit from the expert witness, and this enumeration is accordingly without merit. See *Anderson v. Jarriel*, 224 Ga. 495, 496 (3) (162 SE2d 322) (1968).

*Judgment affirmed. McMurray, P. J., and Beasley, J. concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 6, 1989 —

*Terry A. Dillard, Bryant H. Bower, Jr.*, for appellants.
*Berrien L. Sutton, Ronald W. Hallman*, for appellees.