A91A0375. ROSS v. CHATHAM COUNTY HOSPITAL
AUTHORITY.
(408 SE2d 490)

BANKE, Presiding Judge.
The appellant filed this medical malpractice action to recover for injuries caused by the failure to remove a surgical instrument from his abdomen during an operation which was performed at the appellee hospital in 1974. Based on application of the "locality rule," the trial court granted partial summary judgment to the hospital as to the allegation that its operating room employees had been under an independent duty to conduct an instrument count during the operation. However, the court rejected the hospital's contention that the "borrowed-servant" doctrine operated to insulate it from liability for all other possible negligence on the part of its operating room personnel.

The hospital appealed the latter ruling to this court, and we re-

versed, holding that the hospital was insulated from liability as a matter of law based on the undisputed evidence of record showing that its operating room employees had been working under the immediate control and supervision of the surgeon during the operation. *Chatham County Hosp. Auth. v. Ross*, 184 Ga. App. 660 (362 SE2d 390) (1987). However, that decision was reversed by the Supreme Court, which, after reiterating the principle set forth in *Porter v. Patterson*, 107 Ga. App. 64 (1) (129 SE2d 70) (1962), that the borrowed-servant doctrine does not apply to the negligent performance of administrative or clerical acts by operating room employees but only to tasks involving professional skill and judgment, adopted "the reasoning in the cases discussed in 'Liability of Hospital for Negligence of Nurse Assisting Operating Surgeon,' 29 ALR3d 1065, 1078 (1970), [pursuant to which] the counting of sponges, instruments and other items which could be left in the patient during an operation is generally considered an administrative act rather than an act requiring the exercise of professional skill or judgment." *Ross v. Chatham County Hosp. Auth.*, 258 Ga. 234, 236 (367 SE2d 793) (1988). The Supreme Court stated that because the question of local standard was "not on appeal," it could not reach the issue of whether the operating room employees had been under an independent duty to conduct an instrument count; however, it concluded that a question of fact remained as to the hospital's liability based on "[t]he possibility of other negligent administrative acts by hospital employees causing the instrument to be left in the body. . . ." Id. at 236. On remand, the trial court entered summary judgment for the hospital as to the entire complaint, thereby implicitly ruling that there were no other alleged acts of negligence by its operating room employees which could be considered administrative in nature. The case is now before us on appeal from that ruling. *Held:*

1. The appellee hospital has moved this court to strike a document submitted by the appellant as an attachment to its brief which purports to set forth the operating room "needle count" procedure at the hospital. The hospital contends that by attaching this document to its brief, the appellant has sought to interject an extraneous matter into the appeal and urges that he be cited for contempt under Court of Appeals Rule 7 for doing so. We agree that the submission of this document in this manner was inappropriate, and we decline to give it any consideration in deciding the appeal. However, we do not consider the matter so egregious as to warrant a contempt citation.

2. The appellant enumerates as error the trial court's previous ruling granting partial summary judgment to the hospital on the question of whether the existence vel non of an independent duty on the part of its operating room personnel to conduct a surgical instrument count was governed by the locality standard. The hospital con-

tends that the appellant is precluded from challenging this ruling because he previously attempted to do so during the previous appeal of the case, and this court declined to consider the issue due to his failure to file a cross-appeal. *Chatham County Hosp. Auth. v. Ross*, supra, 184 Ga. App. at 661.

Generally speaking, "[t]he party against whom summary judgment was granted may appeal either after the grant of summary judgment or after the rendition of the final judgment. Therefore, when the losing party appeals after the rendition of the final judgment, the grant of summary judgment is still subject to appellate review." *Culwell v. Lomas & Nettleton Co.*, 242 Ga. 242, 243 (248 SE2d 641) (1978). While the appellee acknowledges that this is the general rule, it cites *United Svcs. Auto. Assoc. v. Sentry Indem. Co.*, 147 Ga. App. 217 (248 SE2d 521) (1978), for the proposition that where, as here, the appellant has previously sought to obtain appellate review of an interlocutory order in the context of a prior appeal filed by another party, and that attempt failed due to his failure to file a proper cross-appeal, he is thereafter barred from challenging the ruling. In *United Svcs.*, the appellee was seeking by way of a cross-appeal to challenge a grant of partial summary judgment which had been awarded to another appellee in the case. This court dismissed that cross-appeal based on the principle that a " 'cross appeal can be taken only against an appellant, and not against a coappellee, except where a statute permits the grant of a cross appeal against either.' 4 CJS 139, Appeal & Error, § 35." Id. at 220. We went on, however, to state that "the effect of this dismissal was 'to affirm' " the partial summary judgment order in question. Id. To the extent that the *United Svcs.* case supports the proposition that the dismissal on procedural grounds of a prior attempt to appeal an interlocutory ruling bars any subsequent appeal of that ruling, it is hereby disapproved; and we hold in the present case that the trial court's order granting partial summary judgment to the appellee hospital on the issue of whether its operating room personnel were under a duty to conduct an instrument count is properly before us.

3. "The 'locality' rule applies where the adequacy of the services or facilities of a small hospital is questioned." *Richmond County Hosp. Auth. &c. v. Dickerson*, 182 Ga. App. 601, 603 (356 SE2d 548) (1987). Where the professional judgment of a hospital employee is questioned, rather than the services or facilities of the hospital, "the standard of care which should be applied . . . is that ordinarily employed by the profession generally." *Wade v. John D. Archbold Mem. Hosp.*, 252 Ga. 118, 119 (311 SE2d 836) (1984). See also *Macon-Bibb County Hosp. Auth. v. Ross*, 176 Ga. App. 221 (335 SE2d 633) (1985). "The rationale for the distinction [is] simply that while a hospital's facilities and services might be limited by its location and resources,

the judgment of [the professional is] not so limited." *Richmond County Hosp. Auth. &c. v. Dickerson*, supra, 182 Ga. App. at 603.

As previously indicated, the Supreme Court has specified in the present case that "the counting of sponges, instruments, and other items which could be left in the patient during an operation [will] generally [be] considered an administrative act rather than an act requiring the exercise of professional skill or judgment." *Ross v. Chatham County Hosp. Auth.*, supra, 258 Ga. at 236. Thus, if the locality rule is *automatically* applicable in all instances where the alleged negligence involves a merely "administrative" act or service as opposed to an act or service involving the exercise of professional skill or judgment, then it must be deemed applicable in this case. However, it is clear that the *rationale* for the locality rule is not present in this case, inasmuch as the ability of an operating room employee to count the surgical instruments present at the beginning and end of an operation obviously would not be affected by the size or location of the hospital. Accordingly, we conclude that the rule is not applicable; and because the appellant has submitted expert opinion testimony to the effect that the failure to conduct an instrument count constituted a breach of the standard of care ordinarily employed by the profession generally at the time of the operation, we hold that the trial court erred in granting the appellee's motion for summary judgment.

*Judgment reversed. Sognier, C. J., McMurray, P. J., Birdsong, P. J., Carley, Pope, Beasley, Cooper and Andrews, JJ., concur.*

Decided July 12, 1991.

*Taggart Law Firm, Thomas R. Taggart*, for appellant.
*Oliver, Maner & Gray, William P. Franklin, Jr., Wendy W. Williamson*, for appellee.

