## A94A0525. PARKER v. HOSPITAL AUTHORITY OF THE CITY OF BAINBRIDGE & DECATUR COUNTY.

(446 SE2d 766)

Judge Harold R. Banke.

The appellant, Teresa Parker, commenced this medical malpractice action against the Hospital Authority of the City of Bainbridge and Decatur County d/b/a Memorial Hospital and Manor, Dr. James Higginbotham, Dr. John Lonas, and two nurses employed by the hospital, alleging negligent treatment of her son which resulted in his death due to an overdose of Dilantin. During trial in the matter, the court directed a verdict for the hospital authority, Dr. Higginbotham, and one of the nurses. The jury rendered a verdict in favor of the remaining defendants, and this appeal followed.

On November 6, 1990, after suffering a seizure at school, the appellant's son was transported to the emergency room at Bainbridge Memorial Hospital, where he was first treated by Dr. Higginbotham. At Dr. Higginbotham's request, Dr. Lonas came to the emergency room and took charge of the child's treatment.

After Dr. Lonas initiated a regimen of Dilantin, the child went into cardiac arrest. CPR efforts revived him, but he never regained consciousness and died 12 days later. On the child's death certificate, the medical examiner indicated Dilantin overdose as the cause of death, but that conclusion was based on the medical history, and not the objective autopsy findings.

1. The appellant contends that the trial court erred in refusing to exclude for cause two potential jurors, one of whom was related to a member of the hospital board and one of whom indicated that he may have some difficulty hearing the testimony. We find no abuse of discretion.

"Relationship to an employee of a corporation does not in this State render a juror incompetent, as a matter of law, to serve on the trial of a case in which the corporation is a party." (Citations and punctuation omitted.) *Wilson v. Atlantic Coast Line R. Co.*, 116 Ga. App. 193 (156 SE2d 463) (1967). See also *Pheil v. Southern Bell Tel. &c. Co.*, 201 Ga. App. 846 (1) (412 SE2d 609) (1991). Similarly, we conclude that one's relationship to a board member of an entity that is a party to an action does not, as a matter of law, disqualify him to serve as a juror in the case.

With regard to the juror who indicated that he had a hearing deficit, counsel for the appellant merely stated that he had "no objection to the court excusing him if the court desires to do that because of his inability to hear the evidence. . . ." However, when the trial court observed that the juror apparently had understood all the questions during voir dire, counsel raised no objection. That failure to object to the juror's qualification waived any such objection. *Blanken-*

*ship v. State*, 258 Ga. 43 (2) (365 SE2d 265) (1988).

2. The appellant also contends that the trial court erred in directing a verdict for Dr. Higginbotham and the hospital authority.

It was uncontroverted that although Dr. Higginbotham was the first doctor to see the appellant's child, Dr. Lonas assumed control of the child's care and prescribed the Dilantin. After Dr. Lonas took charge of the case, Dr. Higginbotham only monitored the child's respiratory distress, and the appellant's own expert witness was unable to connect that treatment for respiratory distress to the child's death. The appellant having thus failed to establish that Dr. Higginbotham's limited treatment of the child proximately caused the child's death, the trial court properly directed a verdict for Dr. Higginbotham.

The only asserted basis for the hospital authority's liability was that of respondeat superior, with regard to the acts of the nurse who administered the Dilantin and the acts of Dr. Lonas, who had staff privileges at the hospital. "A hospital owes a duty of reasonable care to its patients and is liable for the injuries negligently inflicted upon its patients by the nurses and other employees of the hospital. [Cit.]" *Hoffman v. Wells*, 260 Ga. 588, 589 (2) (397 SE2d 696) (1990). However, "[i]f a master lends his servants to another then the master is not responsible for any negligence of the servant committed within the scope of his employment by the other." Id.

In the instant case, the nurse administered the Dilantin and assisted with the care of the appellant's child at the express direction of Dr. Lonas. Under such circumstances, the nurse constituted a "borrowed servant" of Dr. Lonas, and the hospital authority would not be liable for those acts of the nurse involving professional skill and judgment that were done pursuant to Dr. Lonas's instructions. *Swindell v. St. Joseph's Hosp.*, 161 Ga. App. 290 (1) (291 SE2d 1) (1982). Accord *Ross v. Chatham County Hosp. Auth.*, 258 Ga. 234 (1) (367 SE2d 793) (1988).

In order for the hospital authority to be liable for the acts of Dr. Lonas, "it must be shown that the doctor was an employee of the hospital and not an independent contractor." *Ga. Osteopathic Hosp. v. Hollingsworth*, 242 Ga. 522 (250 SE2d 433) (1978); *Axon v. Humana Hosp.*, 203 Ga. App. 161, 162 (416 SE2d 800) (1992). In this regard, the appellant contends that Dr. Lonas's obligation to respond when called to the hospital established a factual issue as to whether the doctor was an employee. However, it was undisputed that the hospital exercised no control over Dr. Lonas's method and manner of treating the appellant's child. The fact that Dr. Lonas was on call because of his hospital staff privileges did not controvert the evidence of his independent contractor status, and the trial court also properly directed a verdict for the hospital authority.

3. In its instructions to the jury, the trial court included two

charges requested by Dr. Lonas, stating that a doctor is not an insurer of the treatment rendered, and that an unfavorable result does not raise a presumption of lack of proper care, skill, or diligence on the part of the doctor. The appellant contends that those charges were improper and confused the jury, inasmuch as Dr. Lonas admitted that he had deviated from the applicable standard of care by prescribing too much Dilantin.

However, in addition to Dr. Lonas's admission, counsel for both the appellant and Dr. Lonas reminded the jury of that admission during closing argument. Under these circumstances, there was no reasonable likelihood that the jury was confused by the jury charge, and any error in giving the instruction was harmless. *Packer v. Gill*, 193 Ga. App. 388 (1) (388 SE2d 338) (1989).

4. The trial court allowed two counsel for Dr. Lonas to split the closing argument, and the appellant contends that such procedure violated OCGA § 9-10-182. That Code section "has been interpreted to limit participation in the closing argument to one counsel per party. [Cits.]" *Bridges v. Schier*, 195 Ga. App. 583, 585 (7) (394 SE2d 408) (1990). However, other than making a general claim that she lost the case because of the allowed argument, "[t]he plaintiff has not suggested how [she] was harmed by the fact that two attorneys made closing arguments for the defendant, and since plaintiff's counsel had the concluding argument, we are unable to perceive how this could have been harmful to [her]." Id. at 585-586.

5. Lastly, the appellant contends that the trial court should have granted a new trial because the jury's verdict was contrary to the overwhelming weight of the evidence, particularly Dr. Lonas's admission regarding the Dilantin overdose. However, despite that admission, Dr. Lonas disputed any causal connection between the Dilantin overdose and the child's death, and the autopsy itself provided no forensic basis for concluding that the child's death resulted from an overdose of Dilantin. Dr. Lonas also testified about other possible causes of the child's death, such as the seizure activity and respiratory failure related to the aspiration of vomitus. This evidence supported the jury's finding that Dr. Lonas's acts did not proximately cause the child's death, and the trial court thus properly denied the appellant's motion for new trial. *Tahamtan v. Tahamtan*, 204 Ga. App. 680 (7) (420 SE2d 363) (1992).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JULY 12, 1994 —
RECONSIDERATION DENIED JULY 25, 1994 — ▮▮▮▮▮▮▮

*Gilbert J. Murrah*, for appellant.

*Smith & Perry, Ralph C. Smith, Jr., Alston & Bird, Theodore E. G. Pound, Alexander & Vann, William U. Norwood III, Tillman, McTier, Coleman, Talley, Newbern & Kurrie, Wade H. Coleman, Edward F. Preston*, for appellee.