### 51338. HOME INSURANCE COMPANY v. LAW CONCRETE CONTRACTING COMPANY.

PANNELL, Presiding Judge.

L. H. Lewis Construction Company brought an action against Law Concrete Contracting Company to recover $34,273.05 damages, which were allegedly caused by the defendant's negligence. By agreement of the parties, Home Insurance Company was substituted as plaintiff in lieu of L. H. Lewis Construction Company. At the close of the plaintiff's evidence, the defendant made a motion for directed verdict. The trial judge granted the motion. The plaintiff appeals the judgment entered in favor of the defendant.

The evidence shows that the appellee was employed by L. H. Lewis Construction Company to place and finish a concrete floor slab in a high school physical education building. In July, 1973, appellee poured and finished the floor. The drainage plumbing, which would be below the finished floor level, had already been installed by a third party.

In November, 1973, the physical education building was vandalized, and some "plaster-type" material was poured into the plumbing system. Upon a subsequent investigation of the plumbing, concrete was discovered in some of the pipes. Expert examination of this concrete revealed that it was substantially similar to the concrete which composed the floor slab.

The concrete was found only in the horizontal drains; none was discovered in the vertical drains. This evidence tended to show that the concrete was not poured into the system by the vandals after the floor was poured. Further, an expert witness testified that it was his opinion that the concrete entered the pipe at the time the concrete was poured.

1. Appellant urges error in the court's directing a verdict in favor of appellee. He contends that the evidence would authorize the jury to find that the concrete entered the pipes due to the negligence of appellee through application of the doctrine of res ipsa loquitur. From the evidence, it cannot reasonably be determined whether the negligence of appellee or some third party caused the concrete to enter the pipes. For example, the evidence does not exclude the possibility that the pipes were not properly installed. The concrete could have entered the pipes through a joint which was not properly fitted. Further, there was no evidence tending to show that appellee checked the joints, or was responsible for examining the joints, prior to pouring the concrete. It follows that the facts and inferences were insufficient for the application of the doctrine of res ipsa loquitur. See *Advanced Refrigeration v. United Motors,* 71 Ga. App. 576 (31 SE2d 605). The trial judge committed no error in directing a verdict for appellee.

2. Our decision in Divison 1 makes it unnecessary to decide appellant's enumeration of error number 2.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

Argued October 9, 1975 — Decided January 16, 1976.

*Neely, Freeman & Hawkins, Andrew M. Scherffius,* for appellant.

*James D. Maddox,* for appellee.