## A91A2086. AXON v. HUMANA HOSPITAL OF AUGUSTA.
(416 SE2d 800)

CARLEY, Presiding Judge.

Appellant-plaintiff brought this malpractice action against appellee-defendant and the case was brought to trial before a jury. At the close of appellant's evidence, however, the trial court granted appellee's motion for a directed verdict. Appellant appeals from the judgment entered by the trial court on its grant of appellee's motion.

Appellant's evidence showed the following: In May of 1982, he was admitted to a hospital facility in Savannah for treatment of severe burns. While in the Savannah hospital facility, a right subclavian catheter and a left jugular catheter were inserted into his body. Thereafter, he was transferred to appellee's hospital facility and underwent surgery. In the operating room, the right subclavian catheter was removed. The evidence does not show whether this catheter was removed by one of appellant's physicians or by a nurse in the employment of appellee. After surgery, an unidentified nurse in appellee's employment removed the left jugular catheter pursuant to the orders of appellant's physician. X-rays taken after both catheters had been removed showed no portion of the catheters remaining in appellant's body. In June of 1982, appellant was discharged from appellee's hospital facility. Thereafter, he was admitted as a patient in several other hospital facilities on numerous occasions. However, appellant testified that his subsequent hospitalizations had involved no intravenous catheterization. In 1986, it was discovered that the broken tip of a catheter was lodged in appellant's heart and he underwent surgery for its removal. It was this discovery and surgery which underlay appellant's instant malpractice action against appellee.

There is some question whether appellant's evidence would authorize a finding that the catheter tip that was found in his body in 1986 was attributable to any act or omission which occurred during his 1982 hospitalization at appellee's facility. The catheters were originally inserted in Savannah, not at appellee's hospital facility, and the evidence does not negate the possibility that the tip was broken during initial insertion rather than subsequent removal.

In any event, if appellant did prove that the presence of the cath-

eter tip in his body was attributable to some act or omission which occurred during his 1982 hospitalization at appellee's facility, he failed to prove that that act or omission was attributable to one of appellee's employees for whom it would be vicariously liable. Under the evidence, it was no less possible that the catheter tip broke during the removal of the right subclavian catheter by appellant's physicians than that it broke during the removal of the left jugular catheter by appellee's nurses. There is no evidence that appellee would be vicariously liable for the negligence of appellant's doctors. "The rule is that for the hospital to be held liable it must be shown that the doctor was an employee of the hospital and not an independent contractor." *Georgia Osteopathic Hosp. v. Hollingsworth*, 242 Ga. 522 (250 SE2d 433) (1978). Insofar as the failure to discover the broken catheter tip prior to appellant's discharge from appellee's hospital facility is concerned, there is likewise no evidence of any negligence on the part of appellee or its agents in either the taking or the reading of the x-rays wherein no broken catheter tip appeared to be present.

Since appellant failed to meet his burden of proof as to negligence for which appellee would be liable, it follows that the trial court correctly granted appellee's motion for a directed verdict. "From the evidence, it cannot reasonably be determined whether the negligence of appellee or some third party caused the [catheter tip] to [break off and remain in appellant's body]. . . . It follows that the facts and inferences were insufficient for the application of the doctrine of res ipsa loquitur. [Cit.] The trial judge committed no error in directing a verdict for appellee." *Home Ins. Co. v. Law Concrete &c. Co.*, 137 Ga. App. 284, 285 (223 SE2d 480) (1976). See also *Backus v. Ray Jones, Inc.*, 150 Ga. App. 753 (258 SE2d 693) (1979); *Augusta Roofing &c. Works v. Clemmons*, 97 Ga. App. 576, 578 (2) (103 SE2d 583) (1958); *Advanced Refrigeration v. United Motors Svc.*, 71 Ga. App. 576, 577 (1) (31 SE2d 605) (1944).

*Judgment affirmed. Beasley and Johnson, JJ., concur.*

DECIDED MARCH 3, 1992.

*Don Smart, John G. Hunter*, for appellant.
*Smith, Gambrell & Russell, David M. Brown, Marianne Maher*, for appellee.